WILLIAM S. DE CAMP, Individually and as Trustee under the Will of JULIA L. DE CAMP, Deceased, Respondent, *v.* JOHN A. DIX and EDWARD THOMSON, JR., Composing the Firm of the MOOSE RIVER LUMBER COMPANY, Appellants.

1. WATERWAYS NOT INCLUDED IN "HIGHWAYS." The word "highways," as it is ordinarily used and understood, especially in connection with the conveyance of land, has reference to the roads opened through the country upon land for the travel of persons, with their animals and vehicles, and does not include streams of water or water highways.

2. UNCONSTITUTIONALITY OF ACT DECLARING STREAM A PUBLIC HIGHWAY FOR FLOATING LOGS, WITHOUT PROVISION FOR COMPENSATION TO RIPARIAN OWNERS — RESERVATION, IN PATENT, OF LAND FOR HIGHWAYS DOES NOT COVER APPROPRIATION OF STREAM FOR WATERWAY. The clause in the Macomb patent, reserving to the state "five acres out of every hundred acres of said tract of land for highways," does not import a reservation for waterways, and, hence, does not validate, on the theory of being an appropriation of land for the purposes of the reservation, although such intent is not expressed, the act declaring Moose river a public highway for the purpose of floating logs (L. 1851, ch. 207) and its amendment (L. 1894, ch. 712), which make no provision for compensation to the riparian owners.

*De Camp* v. *Thomson*, 16 App. Div. 528, affirmed.

(Argued May 12, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 22, 1897, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Charles E. Snyder* for appellants. The court erred in holding that the act of 1851 (Ch. 207) was void, because it took or attempted to take lands for a private and not for public use. (*Matter of Burns*, 155 N. Y. 23.) The court erred in holding the Moose river legislation unconstitutional because no provision is made for compensation to riparian owners. The findings show that the state took its own land, and not the plaintiff's, in declaring the stream a public highway. (Cooley on Const. Lim. § 220; *White* v. *Hicks*, 33 N. Y. 383; *Hutton* v. *Benkard*, 92 N. Y. 294; *Doody* v. *Hollwedel*, 22 App. Div. 456; Perry on Trusts, § 511; *Blake* v. *Hawkins*, 98 U. S. 315; *Lee* v. *Simpson*, 134 U. S. 572; *South* v. *South*, 91 Ind. 221; *Walker* v. *P. Ins. Co.*, 156 N. Y. 628; Dillon on Mun. Corp. §§ 318, 601; *Stuyvesant* v. *Mayor, etc.*, 7 Cow. 606; *Matter of N. Y. & L. I. B. Co.*, 148 N. Y. 540; *People ex rel.* v. *Terry*, 108 N. Y. 1.)

*C. D. Adams* for respondent. The passage of the Moose River Act has not, as matter of law, made the north branch of Moose river and Safford creek, its tributary, a public highway for the sole purpose of floating logs, under and in pursuance of the reservations of the Macomb patent. (L. 1872, ch. 273; 63 N. Y. 482.) As an attempted exercise of the right of eminent domain the act is void, because it provides no compensation for the riparian owner. (Gerard on Titles, [4th ed.] 658, 660, 770; 20 Johns. 90; 17 Johns. 195; 142 N. Y. 555.)

HAIGHT, J. This action was brought by the plaintiff's testatrix to restrain the defendants from floating logs down the north branch of the Moose river over her lands. The defenses

interposed are to the effect (1) that the defendants are entitled
to float logs in the north branch of the river as a right of way
by necessity; (2) that the north branch and Big Safford creek
are public highways at common law for the floating of logs
and timber; (3) that the north branch has been declared a
public highway by the statutes of this state. The case was
tried by a referee, who found that the defendants were not
entitled to a right of way by necessity, and that the north
branch of the Moose river and Big Safford creek were not of
sufficient size for the floating of logs and timber without arti-
ficial means, and that they, consequently, were not public
highways at common law. These findings have been unani-
mously affirmed in the Appellate Division, thus disposing of
those branches of the case. As to the other defense, it appears
that the legislature in 1851, by chapter 207, enacted that
Moose river, together with the north and south branches
thereof, should be a public highway for the purpose of float-
ing logs and timber. Section four of this act was amended in
1894 by chapter 712, so as to provide that "persons desirous
of floating logs or timber down said stream may construct a
chute or apron in connection with any dam across said stream,
and may reconstruct any booms already constructed, or here-
after to be constructed in, over and across said stream, in such
manner as to allow logs and timber to pass by the same, doing
no unnecessary damage to the owner or occupants of said boom,
and paying to such occupant or owner all damages that he or
they may sustain by reason of the floating of logs and timber,
or the alteration of dams or booms, said damages to be ascer-
tained by three commissioners to be appointed by the Supreme
Court," etc.

The provisions of this act were considered by us in *Matter
of the Application of Thomson to Float Logs and Timber
down Moose River over the Lands of De Camp*, in 147 N. Y.
701, in which case we affirmed, upon the opinion below (86
Hun, 405), holding that the owner of woodlands upon Moose
river has no right, under the acts in question, to condemn an
easement in the river and lands on either side to the extent of

ten feet, in order to enable him to float logs to market; that
the acts were unconstitutional, in so far as the owners of the
bed of the stream were concerned, for the reason that it only
provided for compensation to the owners of dams or booms
upon the stream.

It is now contended that these acts are valid, as being the
legislative exercise of a right reserved, and as a location of
lands for highway purposes belonging to the state, and that,
consequently, no compensation to the owner was required.
This question has not before received attention in this court.
It has been very fully considered in the learned Appellate
Division, and the very excellent opinion written by that court
has our approval, and renders an elaborate discussion of the
question by us unnecessary.

The original patent through which the plaintiff claims title
was issued to one Macomb. The provisions of this patent
reserved to the People of the state "all gold and silver mines
and five acres out of every hundred acres of said tract of
land for highways." The contention of the appellants is, that
the act declaring Moose river a public highway was an appro-
priation of the lands for that purpose reserved to the state in
this patent: We think there is difficulty in sustaining this
contention. It will be observed, in the first place, that there
is nothing in the provisions of the act of 1851, or of the
amendment thereof, indicating an intention or purpose on the
part of the legislature to locate and appropriate the lands
reserved under the Macomb patent. In the act, Moose river
is declared a highway for the purpose of floating logs and
timber, and for no other purpose. The reservation in the
patent is for "highways" without limitation. The meaning
of the term "highways," as used in the patent, was considered
by us to some extent in *Matter of the Petition of Burns to
have Commissioners Appointed to Assess the Damages of the
Riparian Owners on Roaring Brook* (155 N. Y. 23). In
that case it was claimed that the act declaring Roaring brook
to be a public highway, and authorizing the right of eminent
domain, was violative of section 18 of article three of the

Constitution, which prohibits the passage of a private or local bill " laying out, opening, altering, working or discontinuing roads, highways or alleys." We then held that the term " highways," as ordinarily used and understood, and as it was. used in the Constitution, did not include streams of water or water highways. It is true that the high seas are often spoken of as the highway of nations, and that the great lakes, public. rivers and canals are treated as public water highways, free to. the use of all persons; but highways, as it is ordinarily used and understood, especially when used in connection with the conveyance of land, has a very different meaning. It has reference, in such cases, to the roads opened through the country upon land for the travel of persons with their animals and vehicles. In such sense, we think, it was used in the patent,. and, consequently, the acts in question could not appropriate it. for waterways.

The judgment should be affirmed, with costs.

PARKER, Ch. J. (dissenting). I dissent from the proposition, in effect asserted, that an act, broad enough to constitute a. valid exercise of an existing legislative power, may nevertheless be set aside by a court as unconstitutional because in its opinion the legislature did not realize that it possessed the power, and, therefore, must be deemed not to have intended to exert it. Such a holding would introduce a new and elastic rule for the construction of alleged unconstitutional enactments. According to it the courts may go behind a statute, if on its face it be within the legislative power, and inquire as to the intent of the legislature in exercising certain powers not generally known to the members of that body. Of course the converse of the proposition should follow, that if on its. face the enactment be in excess of the legislative power, the courts may, nevertheless, ascertain that the intent was to so limit the act as to bring it within the constitutional authority of the legislature, and thereupon adjudge the act to be no broader than the intent, and, therefore, free from constitutional difficulties. Before proceeding further with the subject.

attention is called to the situation presented by this record, to the end that it may be seen that the assertion with which this memorandum opens is not overdrawn.

The question presented is whether chap. 207, Laws of 1851, is constitutional. It declared Moose river to be a public highway for the purpose of floating logs. The plaintiff says the act is unconstitutional because it does not contain adequate provision for compensating the riparian owner. To this defendants make answer that the state, by the terms of its grant, retained five acres out of every hundred for highways (Macomb Patent, executed Jan. 10, 1792), and in declaring Moose river a public highway, it but took possession of its own land reserved for that special purpose and in less amount than the acreage reserved. The learned justice who wrote at the Appellate Division an unanswerable opinion, except on this proposition, summarized his views as to it as follows: "(1) That in and by the Macomb patent the state did expressly reserve to itself for highway purposes five acres out of every one hundred acres of land thereby conveyed; (2) that the land thus reserved was not specifically designated, but related to the entire tract; (3) that the power thus reserved authorizes the state at any time to appropriate five per cent of the land embraced in this tract to highway purposes; (4) that in the absence of any language in the act of 1851 showing that such was the intent of the legislature, it will not be presumed that, in declaring the North Branch of the Moose river a highway for a particular purpose, without providing for compensation to riparian owners, there was any exercise of the power reserved by the Macomb patent, at least until it was made to appear that such power has not already been exhausted."

In other words, the court said the state owned the land and the legislature had the power to appropriate it to highway purposes, but, as it did not say in the statute it was exercising the power, the presumption is that it did not intend to do so, and, therefore, an act on its face constitutional in the light of these facts becomes unconstitutional because the court cannot

find evidence of an intent to exercise its power. That is not now and never has been the rule or one of the rules by which to test the constitutionality of a statute. The test is one of power. Judge Cooley states it in these words : " From what examination has been given to this subject, it appears that whether a statute is constitutional or not is always a question of power." (Cooley on Const. Lim. 220 ; 3 Am. & Eng. Ency. of Law, 674, 675, and cases cited.) So, if the legislature had the power to appropriate Moose river and the lands under it for highway purposes, the courts cannot condemn as unconstitutional an act that accomplishes that result. It is constitutional if the power exists, for the act is a proper legislative method of exercising the power.

The legislature having omitted all reference to the source of its power, it is urged that it would be in accordance with authority to hold that the legislature intended not to exercise a power that rightfully belonged to it, but instead intended to attempt a usurpation of power withheld from it by the people through the organic law. There is no such authority, and the reasoning so far brought to my attention fails to satisfy me that one ought to be made in this case. We should stop with the declaration that the legislature had the power to pass the act that it did and, therefore, it is constitutional.

But if we were to follow the example of the Appellate Division and read the act in the light of surrounding circumstances, we should find ourselves confronted with the general rule that courts are to read statutes that are free from ambiguity as they are written, and thus reading this act we fail to find that the legislature did not intend to exercise any power that it had. On the contrary, on its very face, may be found evidence that the legislature had in mind this reserved power, for the subject of compensation was considered, the act providing that the owners of booms, dams and other improvements along the stream should be paid a sum awarded by commissioners to be appointed by the county judge. The provision for the compensation of the owner of improvements and the omission of compensation to those who were simply

riparian owners, indicates not merely a general consideration
of the snbject of compensation, but also a determination that
the owners along the banks of the stream were not entitled
to compensation. Such a determination could have been
founded only upon the right reserved by the state in its grant
to the plaintiff's predecessor in title, to take five per cent of
the land for highway purposes; and by this act it simply
carved out of the tract granted the land reserved by it. It is
true that the act omits all reference to the source of the
power it undertook to exercise, but that is not unusual, to say
the least, on the part of the supreme law-making body.
Even a common council may safely pass an ordinance without
reciting the source of power in execution of which it is passed.
(Dillon on Mun. Corp. §§ 318–601.)

The mistake made by the courts below was in not applying
the rule that the presumptions are all in favor of the constitu-
tionality of a statute. Judge Cooley states the rule as fol-
lows: "Whenever an act of the legislature can be so con-
strued and applied as to avoid conflict with the Constitution
and give it the force of law, such construction will be adopted
by the courts." (Cooley on Const. Lim. 218, 219.) This will
be done, although the construction so put upon it cannot be
the most obvious or natural or the literal one. (3 Am. &
Eng. Ency. of Law, 674, note, and cases cited.) This rule
has been frequently applied in this court. (*People ex rel.
Burrows* v. *Supervisors,* 17 N. Y. 241; *People ex rel. Bol-
ton* v. *Albertson,* 55 id. 54; *Matter of Gilbert El. R'way
Co.,* 70 id. 367.) It was recently stated as follows: "Where
there is room for two constructions of a statute, both equally
obvious and equally reasonable, the court must, in deference
to the legislature of the state, assume that it did not overlook
the provisions of the Constitution, and designed the act to take
effect. Our duty, therefore, is to adopt the construction which,
without doing violence to the fair meaning of the words used,
brings the statute into harmony with the provisions of the Con-
stitution." (*Matter of N. Y. & L. I. Bridge Co.,* 148 N. Y.
540, 551.) So in this case we cannot presume an intent to pass

an unconstitutional act. On the contrary, we must assume, as the court said in the last case, that the legislature did not overlook the provisions of the Constitution and designed the act to take effect and thus the presumption would be required, if presumption be needed to uphold the statute, that the legislature intended, by the act, to exercise its power over the lands reserved to create a highway out of Moose river. But presumptions need not be indulged in order to hold that this statute is constitutional. We have but to inquire whether the legislature had the power to pass this act. If it had, then it cannot be condemned by the courts as invalid. It is not pretended by the courts below that the legislature had not the power — and it is apparent from the reasoning of the Appellate Division that if the act had contained such recitals as indicated a purpose to devote the lands reserved by the state to the making of a highway of Moose river, that court would have regarded the act as constitutional. The recital of the source of power, however, was not needful. It is sufficient that the power existed to protect the statute from attack on the ground of want of power.

The judgment should be reversed.

All concur with Haight, J., for affirmance, except Parker, Ch. J., who reads for reversal.

Judgment affirmed, with costs.