■ DONALD J. SUTTON et al., Respondents, v DAVID A. COBB, Defendant and Third-Party Plaintiff-Appellant. POTOMAC INSURANCE COMPANY, Third-Party Defendant-Respondent.—Appeals from (1) an order of the County Court, Rensselaer County, entered June 11, 1975, which dismissed appellant's third-party complaint and (2) that portion of an order of the same court, entered June 11, 1975, awarding plaintiffs' motion costs of $20 and attorneys' fees in the sum of $100. Plaintiffs, Donald J. and Valerie M. Sutton, sued the appellant Cobb to recover $6,000 damages alleging in their complaint that appellant, a licensed insurance broker, undertook to place fire insurance on their barn in November, 1970 for a three-year period; in March, 1973 the barn was destroyed by fire; after proof of loss was duly filed, plaintiffs were informed their property was not insured and that appellant through his carelessness and negligence failed to insure the barn. Appellant served an amended answer denying material allegations of the complaint and asserting eight affirmative defenses. Appellant brought a third-party action against the respondent Potomac Insurance Company alleging that as agent of Potomac he placed coverage on the barn with Potomac and that after proof of loss was filed Potomac denied coverage and liability. For a second cause of action in the third-party complaint appellant alleges that Potomac's failure to recognize liability to plaintiffs Suttons was a violation of the agency agreement between appellant and respondent Potomac. On respondent Potomac's motion for summary judgment the facts were clearly established that plaintiffs Suttons' barn was not insured due to the oversight and neglect of appellant to cause a fire insurance policy to issue. The error and neglect were shown by written communications from appellant to respondent Potomac and was not denied by appellant in the answering affidavit executed by one of his attorneys in the action. There is no triable issue of fact in the third-party action. Appellant cannot obtain indemnity from his principal for his liability to third persons predicated on his own negligence (cf. *Brown v Poritzky*, 30 NY2d 289; 2 NY Jur, Agency, § 224). Respondent Potomac's motion for summary judgment was properly granted. There is no merit to appellant's claim that Special Term had to make findings of fact and conclusion of law in the original action brought by plaintiffs Suttons before deciding the motion for summary judgment in the third-party action. Appellant's claim that he made a motion for summary judgment against plaintiffs Suttons is not supported by the record. The record contains no notice of motion for summary judgment by appellant against plaintiffs Suttons. Plaintiffs Suttons made no motion for summary judgment so that appellant is not entitled to summary judgment against Suttons without a notice of motion. CPLR 3212 (subd [b]) which provides

that if any party other than the moving party is not entitled to summary judgment the court may grant such judgment without the necessity of a cross motion, does not authorize appellant to obtain summary judgment in the original action of Suttons against appellant on a motion for summary judgment in the third-party action. It is obvious Special Term did not consider he had pending before him a motion for summary judgment by appellant against plaintiffs Suttons. Special Term made no order disposing of appellant's asserted motion. On this appeal we cannot review Special Term's failure to grant an order on his alleged motion. Plaintiffs Suttons moved for an order to strike the answer of appellant in the main action or alternatively requiring appellant to submit to an examination before trial forthwith. The motion was brought on for hearing by a show cause order granted by the Judge of the County Court. After considering the motion, Special Term granted a conditional order striking appellant's answer unless he submitted to an examination at the time specified, and further awarded Suttons $20 motion costs and attorneys' fees of $100. Appellant's claim that the Rensselaer County Court had no jurisdiction to grant the show cause order in the action pending in that court has no merit (CPLR 2213). Any defects therein were waived when appellant opposed the motion on the merits *(Todd v Gull Contr. Co.,* 22 AD2d 904). The record justified Special Term's finding that appellant willfully failed to submit to an examination before trial and was subject to the penalties for refusal to disclose (CPLR 3126). Special Term properly exercised its discretion in awarding to plaintiffs Suttons costs of the motion and attorneys' fees *(Di Bartolo v American Foreign Ins. Co.,* 26 AD2d 992; *Nomako v Ashton,* 22 AD2d 683). Orders affirmed, with separate costs to respondents filing briefs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.