■ TOWN OF NORTH HEMPSTEAD, Appellant, v HENRY M. BONNER et al., Respondents, et al., Defendant.—In an action, *inter alia,* to determine title to certain real property, plaintiff, Town of North Hempstead, appeals from a judgment of the Supreme Court, Nassau County, entered July 28, 1979, which was in favor of the defendants, after a nonjury trial. Judgment affirmed, without costs or disbursements. In 1644 William Kieft, Governor of New Netherland (now New York), granted a tract of land to plaintiff's predecessor, Town of Hempstead (Hempstead). In 1685, after the English took control of New York from the Dutch, the grant was reaffirmed. By vote of town inhabitants at town meetings, Hempstead granted portions of the land to various individuals (see *Town of North Hempstead v Town of Hempstead,* 1 Hopk Ch 288, affd 2 Wend 109). While records were made of such meetings, those for the years 1644 through 1654 were lost. Plaintiff came into existence in 1784 when Hempstead was split into two. Thereafter in 1971, 187 years later, plaintiff, for the first time, sought title to the land in issue here—a part of the Great Neck Peninsula which includes a portion of Mitchell Creek. Plaintiff bases its claim of title on the 1644 and 1685 grants and the fact that there is no record of Hempstead conveying land in the Great Neck Peninsula to individual owners. Defendants, on the other hand, have established an unbroken chain of title back to Thomas Tredwell in 1839. In addition there is testimony showing that the Tredwells were descendents of John Tredwell who owned land on the Great Neck Peninsula since at least 1679. The burden of proof in this action is on the plaintiff (see Real Property Actions and Proceedings Law, § 1519, subd 3; *Best Renting Co. v City of New York,* 248 NY 491; *Town of Smithtown v Brooklyn Gun Club,* 58 Misc 2d 708). The fact that Hempstead's records of conveyances to

individual settlers have been lost, thereby creating a defect in defendants' chain of title, is insufficient to meet plaintiff's burden of proof (cf. *Long Is. Land Research Bur. v Town of Hempstead,* 283 App Div 663, affd 308 NY 818). Plaintiff has an affirmative duty to show that title lies in it, which is not satisfied merely by pointing to weaknesses in defendants' title. In any event we would affirm the judgment under review because we concur with the conclusion of Trial Term that defendants established their title by adverse possession. Since there is no evidence that Mitchell Creek was ever used for a public purpose the subject land was alienable by adverse possession as well as by grant (see *Mannor Mar. Realty Corp. v Wachtler,* 22 NY2d 825; *Riviera Assn. v Town of North Hempstead,* 52 Misc 2d 575, 581-582). The evidence shows that a house was standing on the land in issue since at least as early as 1837. A 1928 aerial photograph shows a house and that the land was cultivated. Furthermore, the land is depicted on certain tax maps dating back to the 1920's which were filed with Nassau County. Under the circumstances present here we find these facts sufficient to establish adverse possession under a claim of title (see *Shinnecock Hills & Peconic Bay Realty Co. v Aldrich,* 132 App Div 118, affd 200 NY 533; *Connolly v Merz,* 201 NYS2d 401, affd 18 AD2d 1052). Accordingly, we affirm the judgment appealed from. Hopkins, J. P., Damiani, Martuscello and Weinstein, JJ., concur.