■ HAROLD L. SNYDER, Respondent-Appellant, v PETER BISTRIAN, Appellant-Respondent, et al., Defendants.—In an action pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the defendant Peter Bistrian appeals from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered July 13, 1987, as, after a nonjury trial, declared that the plaintiff was the owner of a portion of the property, and the plaintiff cross-appeals from so much of the same judgment as declared that the defendant Peter Bistrian was the owner of a portion of the premises based on his claim of adverse possession.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and his wife are the owners of real property known as part of the "Lester Homestead" fronting on the east side of Three Mile Harbor Road in the Town of East Hampton on which they operate a farm and farm stand. The defendant Peter Bistrian (hereinafter Bistrian) is the owner of the premises fronting on the west side of Springs-Fireplace Road in the Town of East Hampton on which he operates a commercial sand mine. At the points where the parties own their respective properties, Three Mile Harbor Road and Springs-Fireplace Road are roughly parallel with both roads running approximately southwest to northeast. The present action has been initiated to resolve the claims of the parties to a parcel of real property that is contiguous to both of their properties. The plaintiff makes his claim based upon a deed of record, while Bistrian's claim is pursuant to the doctrine of adverse possession.

In 1976, the plaintiff and his wife acquired title to two parcels of property from Sadie Goldberg pursuant to a deed dated February 19, 1976. Parcel 1 was described as "[w]oodland at East Hampton, bounded north by J.T. Lester and others, east by Montauk Manor, south by S. Hedges, west by Cross Road." The property was eventually placed in Harold

Snyder's name only by deed dated March 30, 1976, and the plaintiff has paid the real estate taxes on the property since that date. The plaintiff contends that the property described in that deed is the disputed property that is the subject of this litigation.

We agree with the Supreme Court that Real Property Tax Law § 1020 (3) bars Bistrian from challenging the adequacy of the description contained in the tax deed. Bistrian may not avail himself of the exceptions contained in the statute since he was not the record title owner at the time of the assessment and tax sale (see, Congregation Yetev Lev D'Satmar v County of Sullivan, 59 NY2d 418; Cameron Estates v Deering, 281 App Div 985, affd 308 NY 24; Taccone v Di Renzi, 92 Misc 2d 786).

We further find that the plaintiff established good title to the property by a fair preponderance of the credible evidence (see, Town of N. Hempstead v Bonner, 77 AD2d 567; Town of Smithtown v Brooklyn Gun Club, 58 Misc 2d 708) and that the verdict was not, therefore, against the weight of the evidence (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492; York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128). Although the tax deed did not contain a metes and bounds description of the property, the plaintiff's experts established that the description provided permitted the land to be identified with reasonable certainty (see, Goff v Shultis, 26 NY2d 240; Town of Brookhaven v Dinos, 76 AD2d 555, affd 54 NY2d 911).

Although the plaintiff established good title to the disputed parcel, Bistrian met his burden of proving his entitlement to a portion of the property by adverse possession since he demonstrated that his use of the property up to the 1972 boundary line for his mining operation was hostile and under claim of right, actual, open and notorious, exclusive and continuous for more than the statutory period (RPAPL 521; Belotti v Bickhardt, 228 NY 296).

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.