■ MERCEDES-BENZ CREDIT CORPORATION, Plaintiff, v DENNIS DINTINO, Defendant and Third-Party Plaintiff-Appellant. GREAT LAKES MOTOR CORPORATION et al., Third-Party Defendants-Respondents. [604 NYS2d 451] —Order insofar as appealed from unanimously reversed on the law with costs, motion denied and third-party complaint reinstated against Great Lakes Motor Corporation and Mercedes-Benz of North America, Inc. Memorandum: Third-party defendant Great Lakes Motor Corporation (Great Lakes) moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint for failure to state a cause of action. Supreme Court, without notifying the parties to that action of its intent to do so, "deemed" the motion to dismiss to be a motion for summary judgment and granted summary judgment in favor of Great Lakes and Mercedes-Benz of North America, Inc. That was error *(see,* CPLR 3211 [c]; *Rich v Lefkovits,* 56 NY2d 276, 281). Moreover, the fact that plaintiff moved for summary judgment on the complaint did not authorize Supreme Court to search the record in the third-party action and to grant summary judg-

ment pursuant to CPLR 3212 (b) in that action *(see, Sutton v Cobb,* 50 AD2d 995). CPLR 3212 (b) authorizes a court to search the record and grant summary judgment in favor of a nonmoving party only with respect to the action or cause of action that is the subject of the summary judgment motion *(see, Marshall v New York City Health & Hosps. Corp.,* 186 AD2d 542, 543-544; *Marsico v Southland Corp.,* 148 AD2d 503, 506; *Conroy v Swartout,* 135 AD2d 945, 947; *Jillsunan Corp. v Wallfrin Indus.,* 79 AD2d 943; *Sutton v Cobb, supra).*

Because Supreme Court improperly converted Great Lakes' motion to dismiss to a motion for summary judgment, it did not consider whether the third-party complaint states a cause of action. We decide that issue in the interest of judicial economy and conclude that it does state a cause of action. That pleading, liberally construed, alleges that the third-party plaintiff suffered damage as the result of negligent repair by Great Lakes of his leased vehicle. Thus, we deny Great Lakes' motion to dismiss the third-party complaint. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Balio, J. P., Fallon, Boomer and Davis, JJ.