■ BRIDGEHAMPTON NATIONAL BANK et al., Respondents, v VALENTINE SCHAFFNER et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. RICHARD PELLICANE, et al., Third-Party Defendants-Appellants. [667 NYS2d 938] — In an action pursuant to RPAPL article 15 to determine title to certain real property, (1) the third-party defendants, Richard Pellicane, Clarence R. Banks, and Foster H. Corwith appeal,

as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 9, 1996, as granted the plaintiffs' motion for summary judgment, and (2) the defendants third-party plaintiffs, Valentine Schaffner, Ticor Title Guarantee Company, and Ticor Insurance Company, separately appeal, as limited by their brief, from so much of the same order as failed to search the record and award them summary judgment on the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In an action pursuant to RPAPL 1501 to determine claims to real property, the plaintiffs bear the burden of proof to establish title (*see, Town of N. Hempstead v Bonner,* 77 AD2d 567). The plaintiffs are obligated to affirmatively prove that they hold legal title to the property, which is not satisfied merely by pointing to weaknesses in the defendants' title (*see, Town of N. Hempstead v Bonner, supra,* at 568).

At bar, the plaintiffs conclusively established their claim of title to the subject property. The defendants failed to demonstrate the existence of triable issues of fact with respect to the plaintiffs' claim of title and thus the Supreme Court's grant of summary judgment in favor of the plaintiffs was appropriate (*see, Zuckerman v City of New York,* 49 NY2d 557, 560).

In addition, the Supreme Court properly continued the third-party action. The fact that a plaintiff has moved for summary judgment on the complaint does not authorize the Supreme Court to search the record in the third-party action and to grant summary judgment pursuant to CPLR 3212 (b) in that action (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Mercedes-Benz Credit Corp. v Dintino,* 198 AD2d 901, 902; *Sutton v Cobb,* 50 AD2d 995, 996).

The parties' remaining contentions are without merit. Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.