■ WILLIAM F. CRAWFORD et al., Appellants, v TOWN OF HUNTINGTON, Respondent, et al., Defendant. [749 NYS2d 737] —In an action to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 5, 2000, which granted the motion of the defendant Town of Huntington to set aside a jury verdict finding that the plaintiffs established their title to the real property, and (2) a judgment of the same court, entered Janu-

ary 7, 2002, which, inter alia, declared that the plaintiffs' claim to the real property was invalid and barred them from asserting future claims to the property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In an action to determine title pursuant to RPAPL article 15, the plaintiff "has an affirmative duty to show that title lies in it, which is not satisfied merely by pointing to weaknesses in defendants' title" (*Town of N. Hempstead v Bonner,* 77 AD2d 567, 568; *see also Bridgehampton Natl. Bank v Schaffner,* 247 AD2d 351; *Snyder v Bistrian,* 156 AD2d 355). It is clear from the record that there are several breaks in the chain of title, including one on which the Supreme Court relied in granting the motion of the Town of Hempstead to set aside the jury verdict. In that regard, there was not a " 'valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park,* 113 AD2d 129, 132, quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Moreover, contrary to the plaintiffs' contentions, RPAPL 1521 required the Supreme Court, in its judgment, to declare that their claim to the property was invalid and that they were barred from asserting any future claims to that property (*see Astwood v Bachinsky,* 186 AD2d 949; *Keller v Village of Castleton-on-Hudson,* 173 AD2d 979; *Greater N.Y. Sav. Bank v Stavropoulos,* 59 AD2d 733; *Orrino v Norbon Homes,* 35 AD2d 732). We note, however, since the Town withdrew its counterclaim, and since the plaintiffs failed to establish that the Town's title was invalid, the Supreme Court was not required to make a declaration as to the Town's rights regarding the subject property (*see* RPAPL 1521 [1]; *cf. Hanigan v State of New York,* 213 AD2d 80; *Keller v Village of Castleton-on-Hudson, supra; cf. Will v Gates,* 254 AD2d 275).

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.