[757 NYS2d 327]

JOSEPH ZANGHI et al., Respondents, v CHRISTINE RIFICE et al., Appellants.

Second Department, March 31, 2003

APPEARANCES OF COUNSEL

*Phillips, Weiner & Quinn*, Lindenhurst (*James F. Quinn* of counsel), for appellants.

*Flower, Medalie & Markowitz*, Bay Shore (*Randolph M. Medalie* of counsel), for respondents.

## OPINION OF THE COURT

FRIEDMANN, J.

At issue in the instant case is whether a boat basin which leads to a navigable waterway is located entirely within the plaintiffs' property, and therefore, whether the plaintiffs may preclude the defendants, who own an adjoining parcel of property, from using that boat basin. After concluding that the boat basin was artificially created and located entirely within the plaintiffs' property, the Supreme Court, inter alia, granted the plaintiffs' motion for summary judgment on their first cause of action. We affirm the order insofar as appealed from.

The plaintiffs and the defendants own adjacent parcels of real property located in the Town of Islip, Suffolk County. The parties share a remote common grantor, one Mary Weeks Eyre, who divided a tract of land into two parcels, one of which is now the plaintiffs' property, and the other the defendants' property. Part of the plaintiffs' property includes a private boat basin at the northeast boundary of their parcel, which leads out to a waterway known as Orowoc Creek. According to the plaintiffs, they own not only the boat basin, but also "a strip of land of varying width of approximately twenty inches, lying between the northerly boundary of the boat [basin] and the southerly boundary of the Defendant's [*sic*] Property, so that no portion of Defendant's Property adjoins, touches or has access to the boat [basin] or the bulkhead thereof." Upon learning that the defendants had advertised their property for sale as "waterfront property," the plaintiffs commenced the instant action, inter alia, pursuant to RPAPL 1501 to determine title to a narrow strip of property which runs along the northern boundary of the boat basin, and whether the defendants have a right to use the boat basin.

The Supreme Court properly granted the plaintiffs' motion for summary judgment on their first cause of action. In support of their motion, the plaintiffs' submitted evidence which established, as a matter of law, that they hold legal title to the disputed property, and therefore, affirmatively proved their claim (*see Bridgehampton Natl. Bank v Schaffner,* 247 AD2d

351, 352 [1998]; *Town of N. Hempstead v Bonner,* 77 AD2d 567 [1980]). Specifically, the plaintiffs' evidence demonstrated that the boat basin was located entirely within the boundaries of their property, and that the defendants' property is separated from the boat basin by a narrow strip of land owned by the plaintiffs. Stated simply, since the boat basin is contained entirely within the plaintiffs' property, the defendants have no right to use it.

The defendants claim, inter alia, that the plaintiffs failed to show the absence of any triable issues of fact on the issue of the ownership of the land abutting the boat basin because the deed from the remote common grantor, Mary Weeks Eyre, to the defendants' predecessor in interest, states that what is now the defendants' property runs "along the face of the bulkhead." The defendants' argument, however, is factually incorrect, as the deed in question referred to a bulkhead on Orowoc Creek, not the bulkhead which runs along the boat basin. Also without merit is the defendants' assertion that they are entitled to use of the boat basin because Mary Weeks Eyre included provisions in both deeds that the conveyances were subject to the riparian rights of abutting landowners. Again, the deed states that the conveyance to the defendants' predecessor in interest was "[s]ubject to any and all easements, rights-of-way and other rights of abutting owners or the public of any portion of the [defendant's] premises lying in the bed of Orowoc Creek," and makes no reference to the boat basin.

The Supreme Court correctly determined that the plaintiffs submitted evidence which established that the boat basin was artificially created by their predecessors in interest. The boat basin, "having been artificially created out of the private lands of plaintiff and his predecessors in title, * * * would remain private property, and the waters thereof would not be subject to any public right or easement thereon" (*Fairchild v Kraemer,* 11 AD2d 232, 236 [1960]; *see De Camp v Thomson,* 16 App Div 528 [1897], *affd sub nom. De Camp v Dix,* 159 NY 436 [1899]; *Thornhill v Skidmore,* 32 Misc 2d 320, 323 [1961]).

Accordingly, the order appealed from should be affirmed insofar as appealed from, with costs.

The defendants' remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the boat basin in question is located entirely within the plaintiffs' property, and that the defendants have no easement or other interest in the property

(*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

ALTMAN, J.P., SCHMIDT and TOWNES, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the boat basin in question is located entirely within the plaintiffs' property and that the defendants have no easement or other interest in the property.