■ FRANK A. MASCOLO et al., Appellants, v ROMAZ PROPERTIES, LTD., Respondent. [813 NYS2d 765]—

In an action pursuant to RPAPL article 15, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 10, 2004, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated.

The plaintiffs and the defendant own adjacent parcels of waterfront property in Bay Shore, Suffolk County. The plaintiffs' and the defendant's parcels abut Orowoc Creek at their eastern boundaries. The plaintiffs' property includes a boat basin at the northern boundary of its parcel, which leads out to Orowoc Creek. The southern boundary of the defendant's property abuts the boat basin. Part of the defendant's property includes a private marina, which also fronts the boat basin. Individuals seeking to utilize the marina are required to navigate vessels across the boat basin at issue to access the creek.

The plaintiffs commenced this action under a claim of ownership to the boat basin and the submerged land thereunder. Thereafter, the plaintiffs moved for summary judgment on the complaint, alleging, inter alia, that the boat basin was artificially created from upland property entirely within the confines of the plaintiffs' property. The defendant opposed the motion and cross-moved for summary judgment on the ground that it was entitled to riparian rights allowing it access to the creek by crossing the boat basin. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. We modify.

Amongst the rights of a riparian owner is the right of access to a navigable river or body of water which his or her land abuts (*see Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d 566, 571 [2001]). This right of access includes the right of passage to and from the waterway with reasonable safety and convenience (*see Town of Oyster Bay v Commander Oil Corp., supra* at 571; *City of New York v Wilson & Co.,* 278 NY 86, 101 [1938]; *Hinkley v State of New York,* 234 NY 309, 317-318 [1922]; *Town of Brookhaven v Smith,* 188 NY 74, 82 [1907]; *Saunders v New York Cent. & Hudson Riv. R.R. Co.,* 144 NY 75, 87-88 [1894]; *Rumsey v New York & New England R.R. Co.,* 133 NY 79, 88 [1892]; *Bravo v Terstiege,* 196 AD2d 473 [1993]; *Town of Hempstead v Oceanside Yacht Harbor,* 38 AD2d 263, 264 [1972], *affd* 32 NY2d 859 [1973]). However, the riparian owner's right of access is not absolute, but is qualified by the rights of the owner of the submerged land over which the riparian owner must cross (*see Hedges v West Shore R.R. Co.,* 150 NY 150, 158 [1896]; *Town of Oyster Bay v Commander Oil Corp., supra* at 572). When the parties' rights are in conflict, the court must strike the correct balance (*see Town of Oyster Bay v Commander Oil Corp., supra,* 96 NY2d at 572).

With respect to the motion for summary judgment, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the boat basin was artificially constructed, in which case the defendant would have no riparian rights, and that they sustained damages (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zanghi v Rifice,* 304 AD2d 11 [2003]; *Fairchild v Kraemer,* 11 AD2d 232, 236 [1960]; *De Camp v Thomson,* 16 App Div 528 [1897], *affd sub nom. De Camp v Dix,* 159 NY 436 [1899]). In opposition, the defendant raised triable issues of fact with respect to whether the boat basin was naturally made and whether the plaintiffs sustained damages. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment.

With respect to the cross motion for summary judgment, the defendant demonstrated, prima facie, entitlement to judgment as a matter of law by establishing that its property abutted a navigable waterway, namely Orowoc Creek, thereby entitling it to riparian rights allowing access to the abutting creek via the boat basin at issue (*see Town of Oyster Bay v Commander Oil Corp., supra* at 571; *Alvarez v Prospect Hosp., supra*). In opposition, the plaintiffs raised triable issues of fact, including whether the defendant's property abutted a navigable body of water, whether the boat basin was natural or man-made, and whether the defendant's access to the creek by crossing the boat basin at

issue, rather than from the shoreline of its own property, was reasonable (*see Hedges v West Shore R.R. Co., supra* at 158; *Adirondack League Club v Sierra Club,* 92 NY2d 591, 607 [1998]; *cf. Zanghi v Rifice, supra*). Accordingly, the Supreme Court erroneously granted the defendant's cross motion for summary judgment.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Rivera, Fisher and Lunn, JJ., concur.