■ CITY OF NEW YORK, Respondent, v GOWANUS INDUSTRIAL PARK, INC., Appellant. [886 NYS2d 427]—

In an action, inter alia, for a judgment pursuant to Environmental Conservation Law § 15-0701 (6) declaring that the defendant's construction of a wall along the northern terminus of the Henry Street Basin unlawfully interferes with the plaintiff's riparian rights in and to the Henry Street Basin, and a mandatory injunction compelling the plaintiff to remove that wall or cause it to be removed, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court,

Kings County (Miller, J.), dated June 27, 2008, as granted those branches of the plaintiff's cross motion which were for summary judgment on the first cause of action declaring that the plaintiff has riparian rights in and to the Henry Street Basin, on the third cause of action declaring that the wall unreasonably interferes with the plaintiff's riparian rights in and to the Henry Street Basin, on the sixth cause of action declaring that the wall constitutes a public nuisance, and for a mandatory injunction compelling the plaintiff to remove the wall or cause it to be removed, and to restore access to the Henry Street Basin, within 90 days of service of that order upon it, unless some other satisfactory arrangement could be reached between the parties to assure the plaintiff of its right, as a riparian owner, to gain access to the Henry Street Basin.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment.

In 1997 the defendant Gowanus Industrial Park, Inc. (hereinafter GIP), acquired two parcels of real property—one consisting of certain bottomlands of the Henry Street Basin (hereinafter the Basin), a navigable body of tidal water, and another located above water level on the western side of the Basin. The plaintiff, City of New York, owns two parcels of real property located on the northern side of the Basin, which it operates as a park. In February 2002 GIP constructed a wall measuring 18 feet in height and 200 feet in length on the northern side of the Basin. The City commenced this action seeking, inter alia, the removal of the wall on the grounds that it unreasonably interfered with its riparian/littoral rights to the Basin, was unlawfully constructed, and constituted a private and public nuisance.

GIP moved for summary judgment and the City cross-moved for summary judgment. In an order dated June 27, 2008 the Supreme Court, insofar as relevant to this appeal, granted those branches of the City's cross motion which were for summary judgment on the first cause of action declaring that it has riparian rights to the Basin, on the third cause of action declaring that the wall unreasonably interfered with its riparian rights to the Basin, on the sixth cause of action declaring that the wall constituted a public nuisance, and for a mandatory injunction compelling the plaintiff to remove the wall, or cause it to be removed.

The City demonstrated its prima facie entitlement to judgment as a matter of law on its first cause of action for a judg-

ment declaring that it possessed riparian rights in and to the Basin by establishing that its property directly abutted the Basin, a navigable waterway (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571 [2001]; Tiffany v Town of Oyster Bay, 234 NY 15 [1922]; Mascolo v Romaz Props., Ltd., 28 AD3d 617, 618 [2006]; Bravo v Terstiege, 196 AD2d 473, 475 [1993]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Specifically, the City submitted, inter alia, letters patent for its property, indicating that it shares a common boundary with the Basin, and a certified 2002 City survey, which was also authenticated by affidavit, confirming that the City's property directly abuts the Basin.

In opposition, GIP failed to raise a triable issue of fact as to the City's entitlement to a declaration of its riparian rights. Specifically, the 2001 survey submitted by GIP was not in admissible form, as the 2001 survey was unsigned, uncertified, and submitted without an affidavit by the preparer of the survey, and thus could not support its contention that there was a strip of land between the Basin and the City's property (see Miller v Powers, 53 AD3d 1125, 1127-1128 [2008]; Dewey v Gardner, 248 AD2d 876, 878 [1998]).

The City's right of access as a riparian owner is not absolute, but is qualified by GIP's rights as the owner of the Basin (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d at 572; Hedges v West Shore R.R. Co., 150 NY 150, 158 [1896]). When the parties' rights are in conflict, the court must strike the correct balance (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d at 572). Additionally, what constitutes reasonable access is determined on a case-by-case basis, considering what is a reasonable, safe, and convenient accommodation of the riparian interests of the upland owner, here the City (see Town of Hempstead v Oceanside Yacht Harbor, 38 AD2d 263, 264 [1972], affd 32 NY2d 859 [1973]).

In this regard, the City satisfied its prima facie burden of demonstrating that the wall unreasonably interfered with its riparian right of reasonable access to the Basin (see Gucker v Town of Huntington, 268 NY 43, 47-48 [1935]; Tiffany v Town of Oyster Bay, 234 NY at 18-19; Arnold's Inn v Morgan, 35 AD2d 987, 988 [1970]). In support of its cross motion, the City submitted the affidavit of a manager of the City Parks Department and photographs of the wall which demonstrated that the wall—which was originally 18 feet in height and extends along the entire waterfront boundary—completely obstructs its riparian right of access to the Basin. In opposition, GIP failed to raise a triable issue of fact as to the reasonableness of the

dimensions, placement, and configuration of the wall. GIP did not submit any evidence in admissible form to support its conclusory and unsupported allegations that the wall was necessary for public safety and to prevent trespassing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to GIP's contentions, the mandatory injunction compelling it to remove the wall, or cause it to be removed, was not overly broad. A riparian owner, such as the City, has a right to equitable relief against material obstructions, including the abatement of an obstruction already constructed (*see Tiffany v Town of Oyster Bay*, 234 NY 15 [1922]).

GIP's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the City of New York has riparian rights in and to the Henry Street Basin, that the wall erected by the defendant along the northern terminus of the Henry Street Basin unreasonably interferes with the City's riparian rights in and to the Henry Street Basin, and that the wall constitutes a public nuisance (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur. [*See* 20 Misc 3d 1110(A), 2008 NY Slip Op 51300(U).]