Oppedisano v Arnold (2021 NY Slip Op 00853)





Oppedisano v Arnold


2021 NY Slip Op 00853


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-12062
 (Index No. 709138/14)

[*1]Maurizio Oppedisano, et al., appellants,
v
Frank Arnold, respondent.


Judd Burstein P.C., New York, NY (Peter B. Schalk of counsel), for appellants.
Nixon Peabody LLP, New York, NY (Adam B. Gilbert and Erik A. Goergen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of the subject real property by adverse possession, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered October 7, 2019. The judgment, upon a decision of the same court dated February 20, 2019, and an amended decision of the same court dated April 22, 2019, made after a nonjury trial, and an order of the same court dated July 11, 2019, denying the plaintiffs' motion pursuant to CPLR 4404(b) for a new trial on the issue of damages, is in favor of the defendant and against the plaintiffs in the principal sum of $3,793,544.39.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action pursuant to RPAPL article 15, seeking, among other things, a judgment declaring that they had acquired ownership, by adverse possession, of a parcel of property located in Queens County, identified on the tax maps for the City of New York as Block 4207, Lot 16. In this action, this Court previously affirmed an order and judgment (one paper) of the Supreme Court, Queens County (Duane A. Hart, J.), entered July 29, 2015, which is in favor of the defendant and against the plaintiffs, inter alia, declaring that the defendant is the sole lawful owner of the subject real property (see Oppedisano v Arnold, 143 AD3d 873).
Thereafter, the Supreme Court held a nonjury trial on the defendant's counterclaim, which was pursuant to RPAPL 601 for damages based on the plaintiffs' wrongful use and occupancy of the subject real property. The judgment (Marguerite A. Grays, J.), upon a decision of the same court dated February 20, 2019, and an amended decision of the same court dated April 22, 2019, and an order of the same court dated July 11, 2019, denying the plaintiffs' motion pursuant to CPLR 4404(b) for a new trial on the issue of damages, is in favor of the defendant and against the plaintiffs in the principal sum of $3,793,544.39. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in admitting into evidence the appraisal report prepared by the defendant's expert. Under the circumstances, the plaintiffs opened the door to admission of the appraisal report during their cross-examination of the defendant's expert (see Guide to NY Evid rule 4.08, "Open Door" Evidence; cf. Oversea Chinese Mission v Well-Come Holdings, Inc., 145 AD3d 634, 635).
The plaintiffs' contention that the Supreme Court erred in considering the testimony [*2]of the defendant's expert because a second individual also signed the appraisal report is without merit. The testimony of the defendant's expert demonstrated that the expert and his colleague worked in tandem and that the colleague only assisted in certain research functions. Moreover, the expert testified that, as an appraiser, he was responsible for the contents of the appraisal report. Accordingly, that expert's testimony was not based on inadmissible hearsay.
The plaintiffs' contention concerning the purported bias in the selection of comparable properties and capitalization rates by the defendant's expert in conducting the appraisal goes to the weight to be given to the expert's testimony, not the admissibility of the testimony (see Noghrey v Town of Brookhaven, 168 AD3d 961, 963; White Knight NYC Ventures, LLC v 15 W. 17th St., LLC, 110 AD3d 576, 577). Although the power of this Court is as broad as that of the Supreme Court in reviewing the court's determination in this nonjury trial (see Marini v Lombardo, 79 AD3d 932, 933), we decline to disturb the court's determination of damages based on this purported bias. The testimony of the defendant's expert was unrebutted and the limited instances of purported bias noted by the plaintiffs are insufficient to discredit the expert's conclusions.
The Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404(b) for a new trial on the issue of damages. Initially, this motion was untimely since it was made more than 15 days after the decision and amended decision (see CPLR 4405). In any event, "CPLR 4404(b) is not a grant to the party bringing the motion to supplement the evidence adduced at trial with additional evidence, unless there is a claim that such evidence is newly discovered or was previously inaccessible" (Gagliardi v State of New York, 148 AD3d 868, 870 [internal quotation marks omitted]; see Grossbaum v Dil-Hill Realty Corp., 58 AD2d 593, 594). Here, the evidence that the plaintiffs sought to introduce at a new trial was available to them at the time of the trial on the issue of damages.
The plaintiffs' remaining contentions are unpreserved for appellate review.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court