Franciosa v Smith (2023 NY Slip Op 50779(U))

[*1]

Franciosa v Smith

2023 NY Slip Op 50779(U)

Decided on July 6, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 6, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-445 W C

Amy H. Franciosa, Appellant,
against
Anthony L. Smith, Respondent. 

Amy H. Franciosa, appellant pro se.
Anthony L. Smith, respondent pro se.

Appeal from a judgment of the City Court of White Plains, Westchester County (Jo Ann Friia, J.), entered April 8, 2021, and from an order of that court (Eric P. Press, J.) entered June 30, 2021. The judgment, after a nonjury trial, dismissed the action. The order denied plaintiff's motion to, in effect, set aside the decision and the judgment entered thereon.

ORDERED that so much of the appeal as is from the judgment is dismissed; and it is further,
ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff, who purchased a used 2013 Acura TL vehicle from a car dealership, seeks to recover the principal sum of $5,000 from defendant, who is the former owner of the vehicle, based on defendant's failure to disclose information to the dealership concerning the vehicle's involvement in a prior accident. Following a nonjury trial on April 7, 2021, the City Court (Jo Ann Friia, J.) issued an oral decision dismissing the action. On April 8, 2021, judgment was entered dismissing the action and the Clerk of the City Court mailed a notice of the judgment to the parties, which notice also informed the parties of the time limits for appealing from the judgment (see UCCA 1811 [c]).
On May 18, 2021, plaintiff made a motion ostensibly seeking leave to reargue, but which was, in effect, to set aside the decision and the judgment entered thereon (see CPLR 4404 [b]). Defendant opposed the motion, which the City Court (Eric P. Press, J.) denied in an order entered [*2]June 30, 2021 on grounds including untimeliness. On July 26, 2021, plaintiff filed a notice of appeal from both the judgment and the order.
UCCA 1811 (c) requires that an appeal from a judgment of the City Court be taken, in pertinent part, within 35 days after the mailing by the clerk of the court of a copy of the judgment to the appealing party. Since plaintiff filed her appeal after the expiration of such time, so much of her appeal as is from the judgment was untimely and must therefore be dismissed.
To the extent that plaintiff improperly denominated, as a motion for leave to reargue, a motion which was, in effect, to set aside the judgment pursuant to CPLR 4404 (b), the motion was required to have been made within 15 days after the decision (see CPLR 4405; see also Oppedisano v Arnold, 191 AD3d 794, 796 [2021]). Since the court issued its decision dismissing the action from the bench on April 7, 2021, a judgment was entered and mailed on April 8, 2021, and plaintiff made her postjudgment motion on May 18, 2021, the motion was untimely and was properly denied on that basis.
Accordingly, the order is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 6, 2023