Matter of Clancy v Bortolis
2026 NY Slip Op 03163
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jeffrey B. Clancy, et al., petitioners/plaintiffs-respondents,
v
John Bortolis, respondent/defendant-appellant, et al., respondents/defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-03191, 2022-07526, (Index No. 373/19)
Lara J. Genovesi, J.P.
Linda Christopher
Lillian Wan
Donna-Marie E. Golia, JJ.

Sahn Ward Braff Koblenz PLLC, Uniondale, NY (Ralph Branciforte and Joseph R. Bjarnson of counsel), for respondent/defendant-appellant.
Farrell Fritz, P.C., Hauppauge, NY (John C. Armentano and Philip A. Butler of counsel), for petitioners/plaintiffs-respondents.
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that the construction of a pier and dock by the respondent/defendant John Bortolis in Merrick Bay unlawfully interferes with the riparian rights of the petitioners/plaintiffs in and to Merrick Bay, and a permanent injunction compelling the respondent/defendant John Bortolis to reduce the size or modify the location of his pier and dock, the respondent/defendant John Bortolis appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated March 29, 2022, and (2) an order of the same court dated August 2, 2022. The order dated March 29, 2022, after a nonjury trial, directed the respondent/defendant John Bortolis to shorten his pier and move his dock so that neither the pier nor the dock extended beyond 55 feet where the pier currently extended from his property line by September 29, 2022. The order dated August 2, 2022, denied the appellant's motion pursuant to CPLR 4404(b) to set aside the order dated March 29, 2022.

[*1]
DECISION & ORDER
On the Court's own motion, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order dated March 29, 2022, on the ground that no appeal lies as of right from an order that does not result from a motion made on notice and leave to appeal has not been granted. Separate motion by the appellant for leave to appeal to this Court from the order dated March 29, 2022. By decision and order on motion of this Court dated May 5, 2023, the Court's motion to dismiss the appeal from the order dated March 29, 2022, and the appellant's motion for leave to appeal to this Court from the order dated March 29, 2022, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, upon the papers filed in support of the appellant's motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the Court's motion to dismiss the appeal from the order dated March 29, 2022, is granted; and it is further,
ORDERED that the appellant's motion for leave to appeal to this Court from the order dated March 29, 2022, is denied; and it is further,
ORDERED that the appeal from the order dated March 29, 2022, is dismissed; and it is further,
ORDERED that the order dated August 2, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioners/plaintiffs.
The petitioners/plaintiffs (hereinafter the plaintiffs) and the respondent/defendant John Bortolis (hereinafter the defendant) are neighbors who both have property that abuts the water from a cove on Merrick Bay. In 2019, the defendant built a pier and dock that extended out 75 feet from his property. After construction of the pier and dock was complete, and while this litigation was pending, the defendant purchased a boat, which needed to be docked in at least four feet of water.
The plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that the defendant's construction of the pier and dock in Merrick Bay unlawfully interferes with the plaintiffs' riparian rights in and to Merrick Bay, and a permanent injunction compelling the defendant to reduce the size or modify the location of his pier and dock. After dismissing the causes of action pursuant to CPLR article 78, the Supreme Court conducted a nonjury trial on the remaining cause of action. Subsequently, in an order dated March 29, 2022, the court, upon finding that the defendant's pier and dock, as constructed, interfered with the plaintiffs' riparian rights, directed the defendant to shorten his pier and move his dock so that neither the pier nor the dock extended beyond 55 feet where the pier currently extended from his property line by September 29, 2022.
The defendant thereafter moved pursuant to CPLR 4404(b) to set aside the order dated March 29, 2022, contending, among other things, that the pier and dock did not interfere with the plaintiffs' riparian rights and, in the alternative, that the order should be set aside in light of newly discovered evidence. In an order dated August 2, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"The owner of uplands on a tidal, navigable waterway possesses riparian rights, consisting of the right to 'reasonable . . . access to the water for navigation, fishing, and such other uses'" (Kearns v Thilburg, 76 AD3d 705, 707, quoting Tiffany v Town of Oyster Bay, 234 NY 15, 21; see City of New York v Anton, 169 AD3d 999, 1001). "Riparian rights include 'the right to make [such] access a practical reality' by building a pier, dock, or wharf" (Kearns v Thilburg, 76 AD3d at 707, quoting Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571; see Schuss v Palmisano, 51 AD3d 766, 768). "However, the riparian owner's right of access is not absolute, but is qualified by the rights of the owner of the submerged land over which the riparian owner must cross" (Mascolo v Romaz Props., Ltd., 28 AD3d 617, 618; see Town of Oyster Bay v Commander Oil Corp., 96 NY2d at 571). "Additionally, what constitutes reasonable access is determined on a case-by-case basis, considering what is a reasonable, safe, and convenient accommodation of the riparian interests of the upland owner" (City of New York v Gowanus Indus. Park, Inc., 65 AD3d 1071, 1073; see Town of Hempstead v Oceanside Yacht Harbor, 38 AD2d 263, 265, affd 32 NY2d 859). "When the parties' rights are in conflict, the court must strike the correct balance" (City of New York v Gowanus Indus. Park, Inc., 65 AD3d at 1073; see Town of Oyster Bay v Commander Oil Corp., 96 NY2d at 571).
"Pursuant to CPLR 4404(b), after a trial not triable as of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision and issue a new decision based on, inter alia, newly-discovered evidence" (Da Silva v Savo, 97 AD3d 525, 526; see Mangra v Mangra, 170 AD3d 1156, 1158). "However, CPLR 4404(b) is not a 'grant to the party bringing the motion to supplement the evidence adduced at trial with additional evidence, unless there is a claim that such evidence is newly discovered or was previously inaccessible'" (Gagliardi v State of New York, 148 AD3d 868, 870, quoting Grossbaum v Dil-Hill Realty Corp., 58 AD2d 593, [*2]594; see Oppedisano v Arnold, 191 AD3d 794, 796).
Here, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4404(b) to set aside the order dated March 29, 2022. Contrary to the defendant's contention, the court properly determined that, based on the evidence at trial, the defendant's dock and pier interfered with the plaintiffs' riparian right of reasonable access to the navigable waters of Merrick Bay (see City of New York v Gowanus Indus. Park, Inc., 65 AD3d at 1073). The evidence at trial also showed that the defendant would still have the preferred four feet of water in the area where his boat lift would be placed if the defendant's pier were shortened to extend to approximately 45 feet and the dock were shortened to extend to approximately 55 feet from his property line. Moreover, the defendant failed to show that he could not have previously discovered the alleged new evidence (see Mangra v Mangra, 170 AD3d at 1158; Gagliardi v State of New York, 148 AD3d at 870).
The defendant's remaining contention is without merit.
GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court