■ HORACE D. LAUBER et al., Respondents, v. JOHN H. MARTIN, JR., Appellant.— Judgment unanimously reversed on the law and facts, without costs, and judgment entered in accordance with the following memorandum: The judgment grants the relief sought by plaintiffs pursuant to section 1951 of the Real Property Actions and Proceedings Law, declaring that the restriction recited in the complaint is invalid and should be extinguished. In its memorandum decision the court found (1) that it would be inequitable to enforce the covenant by reason of the nature of the development of the neighborhood, (2) that plaintiffs would be unduly injured and (3) that no corresponding benefit would inure to defendant. No satisfactory evidence was presented detailing such a change as would render enforcement of the covenant a useless act unnecessarily burdensome to the plaintiffs. (*Evangelical Lutheran Church* v. *Sahlem,* 254 N. Y. 161; *Batchelor* v. *Hinkle,* 210 N. Y. 243; *McClure* v. *Leaycraft,* 183 N. Y. 36; *Normus Realty Corp.* v. *Disque,* 20 A D 2d 277, affd. 16 N Y 2d 912.) However, defendant, who seeks to enforce the restriction, has not established himself to be a party to the conveyance between plaintiffs and their grantor; he was not on the face of the deed granted any right to enforce the restrictive covenant and there was no common plan of subdivision development established in the

record. Hence, he has no legal standing to enforce the restrictive covenant in plaintiffs' deed. (See *Steinmann* v. *Silverman,* 14 N Y 2d 243; *Korn* v. *Campbell,* 192 N. Y. 490.) (Appeal from judgment of Oneida Trial Term in action to remove restriction against subdivision.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.