■ ROBERT GROSSBAUM et al., Appellants-Respondents, v DIL-HILL REALTY CORPORATION et al., Respondents, and TOWN OF GREENBURGH, Respondent-Appellant.—In an action, *inter alia,* to extinguish a restrictive covenant prohibiting the sale or use of intoxicating liquor, (1) plaintiffs appeal from (a) so much of a judgment of the Supreme Court, Westchester County, dated February 8, 1977, as, after a nonjury trial, dismissed the complaint and (b) an order of the same court, dated March 30, 1977, which, *inter alia,* denied their motion pursuant to CPLR 4404 for judgment in their favor or for a new trial and (2) defendant Town of Greenburgh cross-appeals from the balance of the judgment, which held that it was bound by the release of the restrictive covenant and lacked standing to resist plaintiffs' action. Judgment and order affirmed, with one bill of costs to respondent the Board of Education Union Free School District No. 6, payable by plaintiffs. Plaintiffs are the owners of two lots and portions of two adjacent lots which are .part of a tract of land originally owned by Gerald Fountain and members of his family. Between 1912 and 1921 Fountain divided the property into 10 numbered lots and sold them subject to restrictive covenants which, *inter alia,* proscribed the sale or use of intoxicating liquor on any portion of the premises conveyed. When plaintiffs purchased their lots the restrictive covenant was included in the deeds. Plaintiffs intend to construct a liquor-selling restaurant on their property. Subdivision 2 of section 1951 of the Real Property Actions and Proceedings Law provides that a restrictive covenant may be extinguished if it is found to be "of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason". The party seeking to extinguish a restriction upon the ground of change of condition must establish not only that the restriction is valueless to the property of those seeking to enforce the restriction, but that it is onerous to the plaintiff *(Clintwood Manor v Adams,* 29 AD2d 278, affd 24 NY2d 759; *Normus Realty Corp. v Disque,* 20 AD2d 277, affd 16 NY2d 912). Although the character of the area has changed, there having been substantial commercial development since the early part of this century, the prohibition against the sale or use of intoxicating liquor is not valueless to the defendants. The evidence established that liquor-serving concerns generate more noise and interference with adjacent property than do other retail businesses and that liquor concerns are less compatible with adjacent residential property than are other commercial uses. The plaintiffs also failed to demonstrate that the restriction upon their property was onerous. Under the applicable zoning regulations and the terms of the restrictive covenant itself, plaintiffs' property may be put to numerous retail and other commercial uses, many of

which may be as valuable and profitable as will a liquor-serving concern. In 1972 the Town of Greenburgh's predecessor in title executed and recorded a "Release of Restrictive Covenants" wherein all such covenants, including the one relating to the sale or use of intoxicating liquor, were released, terminated and annulled. Having acquired the property without restrictions, the town cannot seek to enforce the restrictions in plaintiffs' deeds. Restrictive covenants exist for the benefit of owners of land and may be waived or released by them (Trustees of Columbia Col. v Lynch, 70 NY 440; Lauber v Martin, 37 AD2d 754). As to the appeal from the order, we note that a motion made pursuant to CPLR 4404 (subd [b]) is not a grant to the party bringing the motion to supplement the evidence adduced at trial with additional evidence, unless there is a claim that such evidence is newly discovered or was previously inaccessible. Included in plaintiffs' motion papers was reference to and excerpts from material not introduced into evidence at the trial. Special Term ordered such material to be stricken from the record on appeal. That order is consistent with the view that where a party fails to adequately prepare for trial he is not entitled to another trial (see Collins v Central Trust Co. of Rochester, 226 App Div 486; Cone Mills Corp. v Becker, 67 Misc 2d 749). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.