■ SALA SABA, Respondent, v NORMAN S. MONTGOMERY, JR., et al., Appellants.—Kane, J. P. Appeals from two orders of the Supreme Court, entered October 16, 1985 and October 25, 1985 in Broome County, which set aside a verdict in favor of defendants rendered at Trial Term (Smyk, J.), and granted a new trial.

On January 30, 1984 at approximately 12:15 P.M., in the City of Binghamton, Broome County, plaintiff was struck by a van owned by defendant New York Telephone Company and driven by its employee, defendant Norman S. Montgomery, Jr. Prior to this accident, Montgomery had been driving south on

State Street in the city in heavy stop-and-go traffic. He had pulled past a driveway (or alley) on the west side of the street and was backing into the driveway which was adjacent to a bank building he planned to enter. He did not use his directional signals or blow his horn before backing up. At the subsequent trial of the negligence action, Montgomery stated that while he was backing up, he continuously checked the two outside rear view mirrors on the van and looked through its rear window, and that he did not see anyone in his line of travel until he backed into the driveway and across the sidewalk. At that time, he looked in his rear view mirror and saw plaintiff's legs and feet sticking out from under the left rear of the van and heard someone pounding on his van and yelling "stop". After stopping the van, Montgomery moved the van forward approximately two or three feet.

Plaintiff testified that on the day of the accident, she was wearing a red coat, scarf and hat and that immediately prior to the accident, she had crossed to the west side of State Street, north of the scene of the accident; that she then walked on the west sidewalk of State Street in a southerly direction toward the driveway, and was looking forward at the time of the accident and did not see the van. Four eyewitnesses testified that they had seen her on the sidewalk just prior to or at the time of the accident.

Three of the eyewitnesses testified that she was walking with her head down or hunched over. One of these witnesses, however, stated that plaintiff was looking straight ahead, while the other two could not be sure where she was looking. The witnesses also testified that there was nothing which obstructed plaintiff's view of the van before the accident and that she reached the north edge of the driveway as the van hit her.

Montgomery claimed he was only going one or two miles an hour at the time of the accident and that plaintiff had walked into the side or back of the van. The four eyewitnesses testified the van was going "rather fast", "five to ten miles an hour" or "slowly", "five to ten miles an hour", and "fairly slowly", and the three eyewitnesses who actually saw the impact testified that the van hit her.

After the usual instruction regarding negligence and proximate cause, the trial court also charged the jury as to the appropriate duties of pedestrians and drivers in relation to the facts of the case. In discussing the duty of pedestrians to use care for their own safety, the court noted that the burden was on defendants to prove that plaintiff had acted negligently and

that such negligence was the cause of her injuries, and that if such negligence was shown the jury was to apportion the responsibility between defendants and plaintiff. In addition, the court charged the jury on three sections of the Vehicle and Traffic Law* and instructed them that if Montgomery violated any one of these sections, such a violation constituted negligence. In such an event, they would then have to decide if this negligence was a proximate cause of the accident.

In answer to a series of questions submitted to it by the trial court, the jury found that Montgomery was not negligent, and a verdict of no cause for action was entered in favor of defendants. Upon motion, the trial court set aside the verdict as contrary to the weight of the evidence and ordered a new trial pursuant to CPLR 4404 (a). In addition, the court subsequently ordered a new trial based on newly discovered evidence pursuant to CPLR 5015 (a) (2). This appeal by defendants ensued.

In our view, there must be an affirmance. The record clearly demonstrates that the verdict returned is against the weight of the evidence. Eyewitnesses established, without contradiction, that plaintiff was on the sidewalk at the driveway at the time of the accident. Montgomery's own version of what occurred placed his vehicle backing into the driveway and past the sidewalk when he heard someone pounding on his vehicle, and he then stopped. Accordingly, the jury was compelled to conclude that Montgomery failed to yield the right-of-way to plaintiff while she was on the sidewalk and thus was in violation of the provisions of Vehicle and Traffic Law § 1151 (a) and chargeable with negligence (see, Loeb v United Traction Co., 24 AD2d 917). The action of the trial court in setting aside the verdict as against the weight of the evidence was a proper exercise of its discretion, for the "point of interference" with the action of the jury was at hand (Mann v Hunt, 283 App Div 140, 141; see, Nicastro v Park, 113 AD2d 129). Moreover, under the circumstances presented, the court was correct in ordering a new trial based on newly discovered evidence, i.e., an eyewitness not available or discoverable after the exercise of due diligence at the time of trial and whose

---

* The three sections required a driver (1) not to back a vehicle unless he could do so safely (Vehicle and Traffic Law § 1211), (2) to exercise due care to avoid colliding with pedestrians and to give warning by sounding his horn when necessary (Vehicle and Traffic Law § 1146), and (3) to yield the right-of-way to a pedestrian on any sidewalk crossing a driveway when the driver enters the driveway (Vehicle and Traffic Law § 1151 [a]).

testimony would probably have produced a different result *(see,* CPLR 5015 [a] [2]; *Cizler v Cizler,* 19 AD2d 819).

Orders affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.