■ Nunzio Sofio et al., Respondents, v Thomas W. Hughes et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 11, 1987, which denied their motion to vacate the court's *sua sponte* directive to produce their insurance carrier's property damage claim file or suffer dismissal of their affirmative defense of release based on the uncontradicted testimony of the plaintiff Nunzio Sofio and the adverse inference to be drawn from the defendants' failure to produce the file.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to vacate the court's directive is granted and the matter is remitted to the Supreme Court,

Nassau County, for further proceedings in accordance herewith.

The plaintiffs commenced this action to recover damages for serious personal injuries suffered by Nunzio Sofio when his car and a truck owned by the defendant McNicholas Transportation Company and operated by the defendant Hughes collided on February 12, 1980. The complaint also asserts a derivative claim by Nunzio's wife for loss of services.

A nonjury trial was conducted on the issue of whether the plaintiffs' claims were barred by the defendants' affirmative defense of release. After the conclusion of the trial and the submission of the parties' respective memoranda of law, the Trial Judge *sua sponte* directed the defendants to produce their insurance carrier's property damage claim file. Thereafter, the Trial Judge denied the defendants' motion to vacate the directive and held that noncompliance would result in the dismissal of their affirmative defense of release based on the uncontradicted testimony of Nunzio Sofio and the inference to be drawn from their failure to produce a document.

The Trial Judge erred in *sua sponte* directing the defendants to produce their insurer's property damage claim file after the conclusion of the nonjury trial, in an apparent attempt to discover evidence that would aid him in resolving the issue of whether the general release executed by the plaintiffs and acknowledged before a notary public was invalid due to fraud or mutual mistake. It is noteworthy that during the six-year period prior to trial and during the trial, the plaintiffs never made any effort to obtain disclosure of the defendants' liability insurer's claim file, which is conditionally immune from discovery as material prepared for litigation *(see,* CPLR former 3101 [d]; *Schneider v Schneider,* 94 AD2d 700; *Ainsworth v Union Free School Dist. No. 2,* 38 AD2d 770, 771; *Finegold v Lewis,* 22 AD2d 447; *Kandel v Tocher,* 22 AD2d 513).

Contrary to the plaintiffs' contention, CPLR 4404 (b) does not authorize the Trial Judge to admit into evidence a liability insurer's entire claim file, under the premise that he will disregard matters which would not survive a hearsay challenge. Such a practice not only "cuts against the grain of our adversary system", but it raises "a substantial probability of irreparable prejudice to a party's case for there is simply no way of gauging the subtle impact of inadmissible hearsay on even the most objective trier of fact" *(Matter of Leon RR,* 48 NY2d 117, 122). Since it was error to direct the defendants to

produce their insurer's property damage claim file, no adverse inference can be drawn from the defendants' noncompliance with this directive.

Accordingly, the matter is remitted to the Trial Judge to determine the issue of whether the plaintiffs' action was barred by the defendants' affirmative defense of release based solely on the evidence adduced at the nonjury trial on the issue. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.