■ DANIEL STAMBAUGH, Appellant, v SUSAN STAMBAUGH, Respondent. [640 NYS2d 246] —In an action for a divorce and ancillary relief, the plaintiff father appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 18, 1995, which denied his motion to modify so much of a prior order of the same court, dated May 25, 1995, as granted custody of the parties' son to the defendant mother.

Ordered that the order is affirmed, with costs.

After the court awarded custody of the parties' son to the mother and custody of the daughter to the father, the father moved to modify that award, contending that the son had expressed a desire to live with him. In an in-camera interview at the recently completed trial, the son had expressed the opposite desire.

The father's motion, whether denominated a motion to renew or a motion to modify pursuant to CPLR 5015 (a) or 4404, was properly denied. The motion was not one for renewal as the father failed to present any additional material facts which existed at the time the prior order was rendered, but were not then known to the father and therefore not made known to the court (*see, Foley v Roche,* 68 AD2d 558; *Matter of Jenna R.,* 207 AD2d 403). Furthermore, even if we were to construe the plaintiff's motion as a motion pursuant to CPLR 4404 (b) or 5015 (a), the court properly denied the motion since the evidence proffered by the husband in support of the motion was not newly discovered (*see, Grossbaum v Dil-Hill Realty Corp.,* 58 AD2d 593). Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.