■ JEAN M. NATOLI, Respondent-Appellant, v THOMAS NA-TOLI, Appellant-Respondent. [651 NYS2d 618] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered March 14, 1995, as, after a nonjury trial, granted sole custody of the parties' child to the plaintiff wife, directed him to pay $400 per month for child support and denied his request for an award of maintenance. The plaintiff wife cross-appeals from stated portions of the same judgment. Presiding Justice Mangano has been substituted for the late Justice Hart (22 NYCRR 670.1 [c]).

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties were married on October 17, 1987, and separated in 1989 when the plaintiff wife left the marital residence. They have one child, who resides with the plaintiff wife. In May 1991 the plaintiff wife commenced this action for a divorce and ancillary relief. Both parties sought custody of the child and child support. The defendant husband, who is disabled and receives Social Security Disability Income, also sought maintenance from the plaintiff wife, a registered nurse.

In the midst of a nonjury trial and immediately following a six-week adjournment due to a medical condition of the defendant husband, the defendant husband discharged his attorney and requested a further adjournment to obtain new counsel. His application was denied and he proceeded *pro se,* cross-examining the plaintiff wife and presenting his own witnesses to establish his fitness as a parent. The Supreme Court, *inter alia,* dismissed the cause of action which was for a divorce, granted sole custody of the child to the plaintiff wife with lib-

eral visitation to the defendant husband, and directed that he pay child support.

The defendant husband contends that it was reversible error for the trial court to have denied his request for an adjournment to obtain new counsel. We disagree. The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see, Matter of Anthony M.,* 63 NY2d 270, 283; *see also, Treppeda v Treppeda,* 212 AD2d 592; *Cuevas v Cuevas,* 110 AD2d 873, 877). In deciding such applications the court must "indulge in a balanced consideration of all relevant factors" (*Wilson v Wilson,* 97 AD2d 897, 898; *Cuevas v Cuevas, supra*). Here, the defendant husband's decision to discharge his attorney because of a disagreement as to trial strategy, made after four days of trial testimony and during the cross-examination of the plaintiff wife, was one which certainly could have been made during the six-week period of adjournment which immediately preceded it. While it is true that the defendant husband was hospitalized during that period, the hospitalization was for no more than five or six days out of the six weeks. Under these circumstances, the trial court properly exercised its discretion in refusing the defendant husband a further adjournment.

We have reviewed the defendant husband's remaining contentions and find them to be either unpreserved or without merit. Mangano, P. J., Miller, Altman and Krausman, JJ., concur.