■ JENNIFER GALVIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 91067.) [666 NYS2d 673] —In a claim to recover damages for personal injuries, the claimant appeals from

a judgment of the Court of Claims (Silverman, J.), dated October 8, 1996, which, after a nonjury trial on the issue of liability, granted the defendant's motion to dismiss the claim.

Ordered that the judgment is affirmed, with costs.

The claimant, Jennifer Galvin, was injured when the car in which she was a passenger went out of control due to the icy condition of the road and swerved onto the shoulder and down an embankment, stopping when the passenger side of the car hit a tree. Galvin's claim against the State was predicated upon the State's alleged failure to replace, at the location of the accident, a guardrail which had been removed several years earlier according to a highway safety plan.

It is well established that the State is required to maintain its roads and highways in a reasonably safe condition (*see, Freidman v State of New York,* 67 NY2d 271, 283). This duty extends to furnishing safe guardrails (*see, Lattanzi v State of New York,* 53 NY2d 1045; *see also, Kissinger v State of New York,* 126 AD2d 139). Pursuant to the qualified immunity doctrine set forth in the seminal case of *Weiss v Fote* (7 NY2d 579), however, "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote, supra,* at 589).

The claimant failed to prove that the plan evolved without adequate study. Moreover, we cannot agree with the claimant's contention that the State's failure to replace the guardrail in question was inherently unreasonable. The record indicates that there were no prior accidents at the location of the instant accident. Further, there was no evidence presented as to the precise location of the original guardrail, which was removed five years before the accident, nor was there evidence as to the precise location where the claimant's car left the road. Therefore, there was no basis for the court to determine whether the replacement of the guardrail in its previous location would have prevented or reduced the plaintiff's injuries.

In any event, contrary to the claimant's contention, the credible evidence indicated that the shoulder and the slope of the embankment over which the car traveled once it left the roadway did not, according to State guidelines, require a guardrail. Under the circumstances, and in light of the evidence that there was no history of accidents in the immediate vicinity, the State's discretionary determination not to replace the guardrail was reasonable (*see, Kissinger v State of New York, supra,* at 143). Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.