■ In the Matter of DUVISSAIR TORREGROZA, Respondent, v JUAN CAMILO GOMEZ, Appellant. [925 NYS2d 159]—

In a family offense proceeding pursuant to Family Court Act article 8, Juan Camilo Gomez appeals from an order of the Family Court, Putnam County (Rooney, J), entered July 26, 2010, which, upon a decision of the same court dated June 14, 2010, made after a hearing, inter alia, finding that he had committed the family offense of assault in the third degree, denied his motion, among other things, pursuant to CPLR 4404 (b) to set aside the decision and for a new trial.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed an application for leave to appeal and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the appellant's motion pursuant to CPLR 4404

(b) which was to set aside the decision and for a new trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to CPLR 4404 (b), after a trial not triable as of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision and, inter alia, order a new trial. A new trial may be ordered in the interest of justice under CPLR 4404 (b) on the basis of, inter alia, newly discovered evidence (*see Stambaugh v Stambaugh*, 226 AD2d 363 [1996]; *Grossbaum v Dil-Hill Realty Corp.*, 58 AD2d 593, 594 [1977]; *see also Allen v Uh*, 82 AD3d 1025 [2011]). Here, the Family Court improvidently exercised its discretion in denying the appellant's motion for a new trial based on newly discovered evidence. The evidence consisted of an affidavit from a New York City restaurant owner who stated that the petitioner and her main witness were at the restaurant with the appellant during the evening of February 13, 2010, into the early morning hours of February 14, 2010, the date of the alleged incident. The appellant demonstrated that he could not have previously discovered this evidence. In light of the sharply conflicting testimony of the petitioner and the appellant regarding the events leading up to the incident, had the evidence been introduced at trial, it would probably have produced a different result (*see Trapp v American Trading & Prod. Corp.*, 66 AD2d 515 [1979]; *see also Saba v Montgomery*, 125 AD2d 902, 904 [1986]).

The appellant's remaining contentions need not be reached in light of our determination. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.