■ In the Matter of SAMUEL R. BRANCH, Respondent, v MADONA COLE-LACY, Appellant. [945 NYS2d 743]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), dated April 9, 2010, as corrected by an order of the same court dated May 17, 2010, which denied her objections to two orders of the same court (Watson, S.M.), both dated January 19, 2010, entered upon her default in appearing at a hearing, after, in effect, denying her request for an adjournment, inter alia, granting the father's petition for leave to enter a money judgment for overpayment of child support arrears and to vacate a child support order dated February 21, 2008.

Ordered that the appeal from the order dated April 9, 2010, as corrected by the order dated May 17, 2010, is dismissed except insofar as it brings up for review the denial of the mother's request for an adjournment (*see* CPLR 5511; *Katz v Katz*, 68 AD2d 536, 540 [1979]), without costs or disbursements; and it is further,

Ordered that the order dated April 9, 2010, as corrected by the order dated May 17, 2010, is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, the orders dated January 19, 2010, are vacated, the mother's objection to the denial of her request for an adjournment is sustained, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the petition and a new determination thereafter.

A hearing on the instant petition was scheduled to be held on January 15, 2010, in the Family Court, Nassau County. The mother appeared in court that morning, pro se, but allegedly became ill before the case was called. The mother submitted an adjournment request, indicating that she was ill, and then left the courthouse, allegedly to go see a doctor. When the case was called at approximately 3:00 p.m., the Support Magistrate acknowledged receiving the adjournment request, but proceeded with the hearing in the mother's absence, in effect, denying the mother's request for an adjournment. Thus, when the Support Magistrate granted the father's petition, it did so on the mother's default. The mother filed objections to the Support Magistrate's orders, including an objection to the denial of her request for adjournment. The Family Court denied the objections.

"[N]otwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the order brings up for review those 'matters which were the subject of contest' before the [Family] Court" (*Tun v Aw*, 10 AD3d 651, 652 [2004], quoting *James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *see Matter of Brittany C. [Linda C.]*, 67 AD3d 788, 789 [2009]; *Matter of Mary C. v Anthony C.*, 61 AD3d 682, 682-683 [2009]; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 607-608 [2009]). The only matter which was the subject of contest before the Support Magistrate and, hence, the Family Court, was the denial of the mother's request for an adjournment. Accordingly, review is limited at this juncture to the denial of the mother's objection to the denial of her request for an adjournment (*see Tun v Aw*, 10 AD3d at 652).

" 'The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]). Under the particular circumstances of this case, the Support Magistrate improvidently exercised her discretion in denying the mother's application for an adjournment.

Accordingly, we sustain the mother's objection to the denial of her request for an adjournment, and remit the matter to the Family Court, Nassau County, for a new hearing on the petition, and a new determination thereafter. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.