*526 Pursuant to CPLR 4404 (b), after a trial not triable as of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision and issue a new decision based on, inter alia, newly-discovered evidence (see Matter of Torregroza v Gomez, 85 AD3d 932, 933 [2011]; Stambaugh v Stambaugh, 226 AD2d 363 [1996]; Grossbaum v Dil-Hill Realty Corp., 58 AD2d 593, 594 [1977]). Pursuant to CPLR 5015 (a), “[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: . . .2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404.” In order for relief to be granted under CPLR 4404 (b) or 5015 (a) (2) based on newly-discovered evidence, the movant must show that it could not have previously discovered the evidence (see Matter of Torregroza v Gomez, 85 AD3d at 933; Stambaugh v Stambaugh, 226 AD2d at 363), and that the new evidence is in admissible form (see Sofio v Hughes, 148 AD2d 439, 440 [1989]).
Here, the Supreme Court erred in granting that branch of the defendants’ motion which was to set aside so much of its decision after trial as determined that the plaintiff was entitled to an award of damages in the principal sum of $125,000 for undistributed profits. The defendants failed to show that they could not have previously discovered the documents that were submitted in support of their motion. Further, those documents were incomplete and consisted of hearsay, and thus were not in admissible form. Under these circumstances, the Supreme Court erred in setting aside the $125,000 damages award for undistributed profits based on the documents submitted in support of the defendants’ motion (see Stambaugh v Stambaugh, 226 AD2d at 363; see also Sofio v Hughes, 148 AD2d at 440-441).
The plaintiff’s remaining contention, which relates to the Supreme Court’s modification of the award for damages with respect to a certain sewer construction project, is not properly before this Court, as the plaintiff did not raise, in opposition to *527 the defendants’ motion, the specific contention that he now raises in this regard (see Panteleon v Amaya, 85 AD3d 993, 995 [2011]; Aglow Studios, Inc. v Karlsson, 83 AD3d 747, 749 [2011]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.