▮ MORGAN DELIJANI, Respondent, v PARHAM DELIJANI, Appellant. [954 NYS2d 567]—

In a matrimonial action in which the parties were divorced by judgment entered December 4, 2003, the defendant appeals from an order and money judgment (one paper) of the Supreme Court, Nassau County (Maron, J.), entered August 17, 2009, which, in effect, granted that branch of the plaintiff's unopposed motion which was for an award of interim counsel fees in the sum of $59,000, and is in favor of the plaintiff's counsel and against him in the principal sum of $59,000.

Ordered that the order and money judgment is affirmed, with costs.

On appeal, the defendant contends that the Supreme Court improvidently exercised its discretion in denying his attorney's request for an adjournment in which to appear to oppose the plaintiff's motion, inter alia, for an award of interim counsel fees in the sum of $59,000, and in granting that branch of the plaintiff's unopposed motion. Initially, we note that, while CPLR 5511 prohibits an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the order and money judgment entered August 17, 2009, brings up for review those matters which were the subject of contest before the Supreme Court (*see Matter of Branch v Cole-Lacy*, 96 AD3d 741, 742 [2012]; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 607-608 [2009]; *Tun v Aw*, 10 AD3d 651, 652 [2004]). Since the adjournment requested by the defendant's attorney was the subject of dispute in the Supreme Court, the denial of that request may be reviewed on appeal.

The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Branch v Cole-Lacy*, 96 AD3d at 742; *Matter of O'Leary v Frangomihalos*, 89 AD3d 948, 949 [2011]; *Natoli v Natoli*, 234 AD2d 591, 592 [1996]). "In deciding such motions by a defendant, the court must engage in a balanced consideration of all relevant factors" (*Cabral v Cabral*, 35 AD3d 779, 779 [2006]; *see Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *Natoli v Natoli*, 234 AD2d at 592; *Cuevas v Cuevas*, 110 AD2d 873, 877 [1985]). Upon balancing the relevant factors here, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the request of the defendant's attorney for an adjournment to appear to oppose the plaintiff's motion (*see Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *Natoli v Natoli*, 234 AD2d 591 [1996]; *York v York*, 250 AD2d 841 [1998]). Eng, P.J., Rivera, Roman and Sgroi, JJ., concur.