◼ NICHOLAS M. GAGLIARDI, JR., as Administrator of the Estate of LORRAINE P. GAGLIARDI, Deceased, Appellant, v STATE OF NEW YORK, Respondent. [49 NYS3d 504]—

In a claim to recover damages for wrongful death, the claimant appeals from (1) a judgment of the Court of Claims (Scuccimarra, J.), dated November 3, 2014, which, upon a decision of the same court dated September 23, 2014, made after a trial, is in favor of the defendant and against him dismissing the claim, and (2) an order of the same court dated March 30, 2015, which denied his motion pursuant to CPLR 4404 (b) to set aside the decision and the judgment.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The claimant commenced this claim against the State of New York to recover damages for the wrongful death of his mother (hereinafter the decedent). On December 2, 2011, the decedent allegedly was traveling southbound on State Route 22 in the Town of Pawling, when her vehicle suddenly left the roadway, struck a guardrail, became airborne, and struck a large highway sign. The claimant alleged, inter alia, that the State was negligent in its design and placement of the guardrail. Following a trial, the Court of Claims dismissed the claim. Thereafter, the claimant moved pursuant to CPLR 4404 (b) to set aside the decision and the judgment of the court based on newly discovered evidence, and the court denied his motion.

"[A] municipality owes to the public the absolute duty of keeping its streets in a reasonably safe condition" (*Friedman v State of New York*, 67 NY2d 271, 283 [1986] [internal quotation marks omitted]). However, "in the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a highway planning decision" (*id.* at 283). Under the qualified immunity doctrine, liability may arise where there is proof that the State's traffic design plan "evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589 [1960]). Moreover, "something more than a mere choice between conflicting opinions of experts is required before the State . . . may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*id.* at 588; *see McCabe v Town of Brookhaven*, 289 AD2d 541, 542 [2001]).

Here, the Court of Claims properly dismissed the claim based upon the evidence the State submitted at trial, which showed that the design and placement of the guardrail were the result of a deliberate decision-making process after an adequate study and had a reasonable basis (*see Ramirez v State of New York*, 143 AD3d 880, 882 [2016]; *Fan Guan v State of New York*, 55 AD3d 782, 784 [2008]; *Galvin v State of New York*, 245 AD2d 418, 419 [1997]). Moreover, contrary to the claimant's contention, he failed to demonstrate that the State had prior notice that the subject guardrail constituted a dangerous condition at the accident site (*see generally Fan Guan v State of New York*, 55 AD3d at 784; *Galvin v State of New York*, 245 AD2d at 419).

Pursuant to CPLR 4404 (b), "after a trial not triable as of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision and issue a new decision based on, inter alia, newly-discovered evidence" (*Da

*Silva v Savo*, 97 AD3d 525, 526 [2012]; *see Matter of Torregroza v Gomez*, 85 AD3d 932, 933 [2011]). However, CPLR 4404 (b) is not a "grant to the party bringing the motion to supplement the evidence adduced at trial with additional evidence, unless there is a claim that such evidence is newly discovered or was previously inaccessible" (*Grossbaum v Dil-Hill Realty Corp.*, 58 AD2d 593, 594 [1977]). Here, the Court of Claims properly denied the claimant's motion to set aside the decision and the judgment based on newly discovered evidence, as the claimant failed to show that he could not have previously discovered the documents that were submitted in support of his motion (*see Da Silva v Savo*, 97 AD3d at 526; *Stambaugh v Stambaugh*, 226 AD2d 363 [1996]; *cf. Matter of Torregroza v Gomez*, 85 AD3d at 933).

Contrary to the claimant's contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply to this case, since the State's knowledge as to the cause of the decedent's accident is no greater than that of the claimant (*see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc.*, 94 AD3d 1058, 1059 [2012]; *Yefet v Shalmoni*, 81 AD3d 637, 637 [2011]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.