■ In the Matter of MELISSA B. LEONARD, Respondent, v KEITH L. LEONARD, Appellant. [56 NYS3d 341]—

Appeal by the father from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated June 3, 2016. The order of commitment, in effect, confirmed findings of fact and an order of disposition of that court (Lisa M. Williams, S.M.), both dated July 22, 2015, made after an inquest, finding that the father willfully violated a prior order

of child support and his child support obligations under a stipulation of settlement, and committed him to the custody of the Nassau County Correctional Facility for a period of 120 days unless he paid a purge amount of $12,500.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 120 days is dismissed as academic, without costs or disbursements, as the father paid the purge amount of $12,500 (*see Cutroneo v Cutroneo*, 140 AD3d 1006, 1007 [2016]; *Fiedler v Fiedler*, 230 AD2d 822 [1996]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The mother commenced these proceedings alleging that the father was in willful violation of a child support order dated January 21, 2011, and his support obligations set forth in the parties' stipulation of settlement dated October 6, 2008, which was incorporated but not merged into their judgment of divorce dated February 23, 2009. Following several adjournments, the father failed to appear at a hearing scheduled on July 10, 2015, and the Support Magistrate denied his request, made through his counsel, for another adjournment. The Support Magistrate conducted an inquest and determined that the father was in willful violation of the child support order dated January 21, 2011, and his child support obligations under the stipulation of settlement, and recommended, inter alia, that he be incarcerated for a period of 180 days. In an order of commitment dated June 3, 2016, the Family Court, in effect, confirmed the Support Magistrate's determination that the father was in willful violation of the child support order and his child support obligations under the stipulation of settlement, and committed him to the custody of the Nassau County Correctional Facility for a period of 120 days unless he paid a purge amount of $12,500. The father appeals from the order of commitment.

Although the appeal from so much of the order of commitment as directed that the father be incarcerated must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding and determination that the father was in willful violation of the child support order and his child support obligations under the stipulation of settlement is not academic in light of the enduring consequences which could flow from the finding that he willfully violated the support order and his support obligations (*see Matter of Kretkowski v Pasqua*, 147 AD3d 836 [2017]; *Matter of Stradford v Blake*, 141 AD3d 725, 725 [2016]).

" 'The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]). " 'In making such a determination, the court must undertake a balanced consideration of all relevant factors' " (*Matter of Lorys v Powell*, 116 AD3d at 1048, quoting *Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]; *see Matter of Cabral v Cabral*, 61 AD3d 863 [2009]). Relevant factors include the merit or lack of merit of the proceeding, the extent of the delay, the number of adjournments granted, the lack of intent to deliberately default or abandon the proceeding, and the length of the pendency of the proceeding (*see Matter of Xiao-Lan Ma v Washington*, 127 AD3d 982 [2015]; *Matter of Tripp*, 101 AD3d 1137, 1138 [2012]).

Here, under the circumstances presented, the father was not entitled to an adjournment simply because he lived hours away from the court. Additionally, although the father claimed that he did not appear on the scheduled date of the hearing because he had a verbal agreement with the mother to consent to an adjournment, the mother denied that she agreed to an adjournment. The father's counsel confirmed that she had left messages for the father stating that the mother would not consent to an adjournment and that he had to appear in court on the date of the hearing. In light of the fact that the father had requested several prior adjournments, which the Support Magistrate had granted, and the father's failure to articulate a legitimate reason for his request for another adjournment, the Support Magistrate providently exercised her discretion in denying his application for an adjournment of the hearing on July 10, 2015 (*see Matter of Lorys v Powell*, 116 AD3d at 1048; *Matter of Braswell v Braswell*, 80 AD3d 827, 828 [2011]; *Matter of Proctor-Shields v Shields*, 74 AD3d 1347, 1348 [2010]).

The father's remaining contentions are either improperly raised for the first time on appeal or without merit. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.