Matter of Bea v Winslow (2018 NY Slip Op 04318)





Matter of Bea v Winslow


2018 NY Slip Op 04318


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-11091
2016-13377
 (Docket No. U-17749-03)

[*1]In the Matter of Delores Bea, respondent, 
v
Jamal Winslow, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Melanie T. West of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act articles 4 and 5-B, the father appeals from (1) an order of commitment of the Family Court, Kings County (Javier E. Vargas, J.), dated October 4, 2016, and (2) an order of the same court dated November 7, 2016. The order of commitment dated October 4, 2016, committed the father to the custody of the New York City Department of Correction for a period of three months, to be released on January 2, 2017, unless he paid a purge amount of $3,000. The order dated November 7, 2016, confirmed an order of disposition of that court (Elizabeth Shamahs, S.M.), dated May 3, 2016, which determined that the father willfully violated a prior order of child support, and committed the father to the custody of the New York City Department of Correction until January 2, 2017.
ORDERED that the appeals from the order of commitment dated October 4, 2016, and from so much of the order dated November 7, 2016, as committed the father to the New York City Department of Correction until January 2, 2017, are dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Schad v Schad, 158 AD3d 705; Matter of Leonard v Leonard, 150 AD3d 1242, 1243); and it is further,
ORDERED that the order dated November 7, 2016, is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have two children together. An order of child support issued in 2004 directed the father to pay the sum of $371 per month in child support. The father failed to make the required child support payments and, in 2013, the instant proceeding was commenced pursuant to Family Court Act articles 4 and 5-B, alleging that the father was in willful violation of the child support order. On May 3, 2016, a Support Magistrate issued an order of disposition determining that the father willfully violated the child support order. Thereafter, the Family Court issued an order of commitment dated October 4, 2016, which committed the father to the custody of the New York City Department of Correction (hereinafter NYCDOC) for a period of three months unless he paid a purge amount of $3,000, and an order dated November 7, 2016, which confirmed the Support Magistrate's order of disposition and committed the father to the custody of the NYCDOC until January 2, 2017. The father appeals from the order of commitment dated [*2]October 4, 2016, and the order dated November 7, 2016.
The appeal from the order of commitment dated October 4, 2016, and from so much of the order dated November 7, 2016, as committed the father to the custody of the NYCDOC until January 2, 2017, unless he paid a purge amount of $3,000, must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father willfully violated the order of child support, the appeal from so much of the order dated November 7, 2016, as confirmed the determination that the father was in willful violation of the child support order is not academic (see Matter of Stradford v Blake, 141 AD3d 725; Matter of Westchester County Commr. of Social Servs. v Perez, 71 AD3d 906, 907). Moreover, contrary to the petitioner's contentions, the order dated November 7, 2016, was not issued on the father's default, and therefore, is appealable (cf. Matter of Delong v Bristol, 117 AD3d 1566).
The Family Court properly confirmed the finding that the father willfully violated the child support order. The father's failure to pay child support constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Pace v Douglas, 141 AD3d 530, 531). The father failed to satisfy his burden (see Matter of Fusco v Fusco, 134 AD3d 1112; Matter of Smith v Jeffers, 110 AD3d 904, 905; Matter of Vasconcellos v Vasconcellos, 37 AD3d 613).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court