Matter of Rodriguez v Mera (2019 NY Slip Op 00885)





Matter of Rodriguez v Mera


2019 NY Slip Op 00885


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-01089
 (Docket No. F-6822-07/17S)

[*1]In the Matter of Gloria Rodriguez, respondent,
v Moises C. Mera, appellant.


Helene M. Greenberg, Elmsford, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated January 8, 2018. The order, upon the father's failure to appear at a confirmation hearing, in effect, confirmed an order of the same court (Esther R. Furman, S.M.) dated October 20, 2017, made after a hearing, finding that the father willfully violated an order of support and recommending that he be incarcerated for a period of six months unless he paid a purge amount. By decision and order on motion dated April 25, 2018, this Court dismissed the appeal except insofar as it brings up for review the father's request to adjourn the confirmation hearing.
ORDERED that the order dated January 8, 2018, is affirmed insofar as reviewed, without costs or disbursements.
" The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court'" (Matter of Leonard v Leonard, 150 AD3d 1242, 1244, quoting Matter of Lorys v Powell, 116 AD3d 1047, 1048; see Branch v Cole-Lacy, 96 AD3d 741). " In making such a determination, the court must undertake a balanced consideration of all relevant factors'" (Matter of Leonard v Leonard, 150 AD3d at 1244, quoting Matter of Lorys v Powell, 116 AD3d at 1048). Here, in light of, inter alia, the father's extensive history of nonpayment of his child support obligation and his failure to submit any evidence to substantiate his claim that a family member had died, the Family Court providently exercised its discretion in denying his request for an adjournment (see Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199; Matter of Xiao-Lan Ma v Washington, 127 AD3d 982; cf. Matter of Branch v Cole-Lacy, 96 AD3d 741). Moreover, contrary to the father's contention, he was not denied due process (see Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199).
The father's remaining contentions are not properly before this Court.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court