Yuliano v Yuliano (2019 NY Slip Op 06535)





Yuliano v Yuliano


2019 NY Slip Op 06535


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-11145
 (Index No. 10635/09)

[*1]Marie Yuliano, appellant-respondent, 
v
John Yuliano, respondent-appellant.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri of counsel), for appellant-respondent.
Solomon & Herrera, PLLC, Levittown, NY (Michael D. Solomon and Matthew C. McCormick of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (John C. Bivona, J.), entered September 25, 2015. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated January 14, 2015, as amended May 26, 2015, made after a nonjury trial, inter alia, awarded the plaintiff maintenance in the sum of only $50 per week from the date of commencement of the action through March 31, 2014, awarded the defendant 12% of the value of the plaintiff's enhanced earning capacity, and directed the plaintiff to transfer 20% of her membership interest in Ellis Bay, LLC, to the defendant. The judgment of divorce, insofar as cross-appealed from, inter alia, failed to equitably distribute the funds in certain bank accounts held in the plaintiff's name.
ORDERED that the judgment of divorce is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance in the sum of $50 per week from the date of commencement of the action through March 31, 2014, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $1,000 per month for a period of four years from the date of the judgment of divorce, (2) by deleting the provision thereof directing the plaintiff to transfer 20% of her membership interest in Ellis Bay, LLC, to the defendant, and substituting therefor a provision directing that the plaintiff is entitled to keep her 50% membership interest in Ellis Bay, LLC, and that the defendant is entitled to keep his 50% membership interest in Ellis Bay, LLC, (3) by adding a provision thereto awarding the defendant a credit in the sum of $12,500, representing one-half of the sum that the plaintiff withdrew from a bank account held in the name of Ellis Bay, LLC, and used to pay her attorney's fees, and (4) by adding a provision thereto awarding the defendant a credit in the sum of $127,664.75, representing one-half of the balances in certain bank accounts held in the plaintiff's name; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.
The parties were married in October 1986. During the marriage, the defendant, who was a dentist, opened his own dental practice. The plaintiff worked in the defendant's dental practice [*2]as a dental hygienist for most of the marriage. During the marriage, the parties formed Ellis Bay, LLC (hereinafter Ellis Bay), to purchase commercial real property. Ellis Bay was owned 50% by the plaintiff and 50% by the defendant. In March 2009, after more than 22 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief.
A nonjury trial was held on the issues of maintenance and equitable distribution of the marital property. The Supreme Court issued a decision after trial, inter alia, awarding the plaintiff maintenance in the sum of $50 per week from the date of commencement of the action through March 31, 2014, awarding the defendant 12% of the value of the plaintiff's enhanced earning capacity resulting from two degrees and two licenses obtained by the plaintiff during the marriage, directing the plaintiff to transfer 20% of her membership interest in Ellis Bay to the defendant on the basis that the plaintiff wastefully dissipated this marital asset, and awarding 30% of the defendant's "vested pension interests, if any," to the plaintiff. The court did not distribute the funds in a Chase savings account with an account number ending in 7901, which was held in the defendant's name, a Citibank account with an account number ending in 6278, which was held in the plaintiff's name, or a First National Bank of Long Island (hereinafter First National Bank) account with an account number ending in 0098, which was held in the plaintiff's name.
Thereafter, the plaintiff moved pursuant to CPLR 4404(b), inter alia, to set aside certain portions of the decision. The defendant cross-moved, among other things, to clarify the portion of the decision addressing accrued pension benefits. The defendant asserted that there was no evidence introduced at trial that he had any accrued pension benefits, and that the court likely intended to address the parties' individual retirement accounts. In an order dated May 26, 2015, the Supreme Court denied the plaintiff's motion, noting that most of the motion was improperly based on evidence that was not introduced at the trial. The court, inter alia, granted that branch of the defendant's cross motion which was for clarification and amended the decision by deleting the provision regarding accrued pension benefits and substituting therefor a provision awarding the defendant one-half of the difference in the balance of the parties' individual retirement accounts as valued on the date of commencement of the action.
In a judgment of divorce entered September 25, 2015, the Supreme Court, inter alia, awarded the plaintiff maintenance in the sum of $50 per week from the date of commencement of the action, March 26, 2009, through March 31, 2014, directed the plaintiff to transfer 20% of her 50% membership interest in Ellis Bay to the defendant, awarded the defendant 12%, or $24,937.32, of the value of the plaintiff's enhanced earning capacity, awarded the defendant the sum of $7,266.23, representing his share of the parties' individual retirement accounts, and directed that the marital residence be sold and that the parties share equally the net proceeds of the sale, as well as the contents of the marital residence. The plaintiff appeals, and the defendant cross-appeals, from the judgment of divorce.
The plaintiff contends that the Supreme Court improvidently exercised its discretion in denying her request for an adjournment of the trial on August 23, 2012, in order to permit her to obtain new counsel, and in denying her request for a mistrial on this basis. We disagree. "As a general rule, a motion for an adjournment is addressed to the sound discretion of the trial court" (Cabral v Cabral, 35 AD3d 779, 779; see Matter of Anthony M., 63 NY2d 270, 283; Delijani v Delijani, 100 AD3d 823, 824). " In making such a determination, the court must undertake a balanced consideration of all relevant factors'" (Matter of Lorys v Powell, 116 AD3d 1047, 1048, quoting Matter of Sicurella v Embro, 31 AD3d 651, 651; see Natoli v Natoli, 234 AD2d 591, 592). Relevant factors include the merit or lack of merit of the action, the extent of the delay, the number of adjournments granted, the lack of intent to deliberately default or abandon the action, the length of the pendency of the action, and the prejudice or lack thereof to the opposing party (see Matter of Leonard v Leonard, 150 AD3d 1242, 1244; Matter of Xiao-Lan Ma v Washington, 127 AD3d 982; Cabral v Cabral, 35 AD3d at 779). On the first day of trial, after granting a motion to be relieved by counsel for the plaintiff, the court, in effect, granted the plaintiff a two-week adjournment in order to obtain new counsel. The plaintiff did not obtain new counsel by August 23, 2012, the adjourned date of the trial, and did not provide any explanation for her failure to do so. The plaintiff had been represented by numerous attorneys prior to trial, and one of her prior attorneys had made a motion [*3]to be relieved from representation based upon the plaintiff's conduct, which the court granted. Additionally, the action was more than three years old at the time of the plaintiff's request for an adjournment on August 23, 2012. Accordingly, under the circumstances, including the repeated delays in this action and the plaintiff's history of discharging counsel, the court providently exercised its discretion in denying the plaintiff's request for another adjournment of the trial (see Turco v Turco, 117 AD3d 719, 721; Natoli v Natoli, 234 AD2d at 592).
The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see Gafycz v Gafycz, 148 AD3d 679; Castello v Castello, 144 AD3d 723, 726). The court may order maintenance in such amount as justice requires, considering, among other factors, the income and property of the parties, the standard of living of the parties during the marriage, the present and future earning capacity of the parties, the distribution of marital property, the duration of the marriage, the age and health of the parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance (see Domestic Relations Law former § 236[B][6][a]; D'Alauro v D'Alauro, 150 AD3d 675). The Supreme Court improvidently exercised its discretion in awarding the plaintiff maintenance in the sum of only $50 per week from the date of commencement of the action through March 31, 2014. Based upon, inter alia, the length of the parties' marriage and the disparity in the parties' incomes, we increase the maintenance payable to the plaintiff to the sum of $1,000 per month for a period of four years from the date of the judgment of divorce. In doing so, we have not considered certain evidence that the plaintiff submitted in support of her CPLR 4404(b) motion, which was not introduced into evidence at trial. The plaintiff failed to demonstrate that she "could not have previously discovered" this evidence (Da Silva v Savo, 97 AD3d 525, 526), or that the evidence was "previously inaccessible" (Grossbaum v Dil-Hill Realty Corp., 58 AD2d 593, 594; see Gagliardi v State of New York, 148 AD3d 868, 870; Turco v Turco, 117 AD3d at 723; Stambaugh v Stambaugh, 226 AD2d 363).
The Supreme Court also improvidently exercised its discretion in directing the plaintiff to transfer 20% of her membership interest in Ellis Bay to the defendant. The evidence introduced at trial established that the parties each owned a 50% share of Ellis Bay. Under the circumstances, the court should have directed that both parties were entitled to retain their respective 50% membership interests in Ellis Bay. However, the defendant was entitled to a credit in the sum of $12,500, representing one-half of the sum that the plaintiff withdrew from a bank account held in Ellis Bay's name and used to pay her attorney's fees (see Aebly v Lally, 112 AD3d 561, 562-563; Sotnik v Zavilyansky, 101 AD3d 1102, 1104).
The defendant correctly argues that the Supreme Court should have awarded him an equitable share of the funds in a Citibank account with an account number ending in 6278 and the funds in a First National Bank account with an account number ending in 0098, which accounts were held in the plaintiff's name. The evidence at trial demonstrated that the plaintiff opened the Citibank account and deposited joint marital funds into the account. The plaintiff also opened the account at First National Bank and deposited into the account funds that she had withdrawn from the Citibank account and from a bank account set up for the defendant's dental practice. Since those funds were marital property, and since the plaintiff failed to demonstrate that the amounts she withdrew from those accounts subsequent to the commencement of this action were used to pay "legitimate expenses" (cf. Gonzalez v Gonzalez, 291 AD2d 373, 374), the defendant should have received a credit of one-half of the balances in those accounts as of the date of commencement of the matrimonial action, or $127,664.75 (see Iacono v Iacono, 145 AD3d 972, 974; Popelaski v Popelaski, 22 AD3d 735, 737-738).
The evidence at trial also demonstrated that, during the marriage, the defendant deposited funds that he alleged were gifts or inheritance that he received from his mother into three joint CD accounts held in both parties' names. The deposit of separate property into a joint bank account gives rise to a presumption that each party is entitled to a share of the property (see Chamberlain v Chamberlain, 24 AD3d 589, 593; Garner v Garner, 307 AD2d 510, 512). This presumption may be rebutted with clear and convincing evidence that " the account was titled jointly as a matter of convenience, without the intention of creating a beneficial interest, and that [*4]the funds in the account originated solely in the separate property of the spouse who claims the separate interest'" (Renga v Renga, 86 AD3d 632, 634, quoting Chamberlain v Chamberlain, 24 AD3d at 593). Even assuming that the defendant sufficiently demonstrated at trial that the funds that he deposited into the CD accounts were his separate property that he received from his mother, the defendant failed to rebut the presumption that the funds became marital property. The evidence at trial established that after several months, the defendant closed the three joint CD accounts and deposited those funds into a Chase savings account with an account number ending in 7901, which was held in his name. Even if the defendant sufficiently demonstrated that his separate property was also deposited into this savings account, those funds lost their separate character when they were commingled with marital property (see Renck v Renck, 131 AD3d 1146, 1148; Goldman v Goldman, 131 AD3d 1107, 1108; Loria v Loria, 46 AD3d 768, 770; Sherman v Sherman, 304 AD2d 744). As the balance of this savings account at the time of commencement of the action cannot be determined from the trial record, we remit the matter to the Supreme Court, Suffolk County, for the equitable distribution of that account, and for the entry of an appropriate amended judgment thereafter (see Iacono v Iacono, 145 AD3d at 974).
The Supreme Court providently exercised its discretion in awarding the defendant 12% of the value of the plaintiff's enhanced earning capacity resulting from her degrees and licenses obtained during the marriage (see Scaramucci v Scaramucci, 140 AD3d 848, 850; Jayaram v Jayaram, 62 AD3d 951, 953; Kriftcher v Kriftcher, 59 AD3d 392, 393; Hassanin v Hassanin, 279 AD2d 550, 550).
The plaintiff contends that the Supreme Court erred in failing to equitably distribute the funds in a Chase money market account held in Ellis Bay's name with an account number ending in 3365 and a Chase CD account held in the defendant's name with an account number ending in 9276. The plaintiff further contends that the court erred in failing to address her claim that the defendant dissipated marital assets by overpaying taxes purposefully in order to avoid paying equitable distribution to her, by removing funds from a bank account held in Ellis Bay's name and transferring those funds to the defendant's dental practice account, and by withdrawing funds from an Ellis Bay bank account and depositing those funds into an account held in the defendant's name with an account number ending in 5657. The plaintiff failed to introduce any evidence at trial in support of these contentions. Although the plaintiff submitted evidence in support of these contentions in connection with her motion pursuant to CPLR 4404(b) , inter alia, to set aside portions of the decision, the plaintiff failed to demonstrate that she could not have previously discovered this evidence or that the evidence was previously inaccessible (see Gagliardi v State of New York, 148 AD3d at 870; Turco v Turco, 117 AD3d at 723; Da Silva v Savo, 97 AD3d at 526; Stambaugh v Stambaugh, 226 AD2d 363; Grossbaum v Dil-Hill Realty Corp., 58 AD2d at 594). Thus, the plaintiff was not entitled to an equitable share of the funds in these bank accounts or a credit for any of the defendant's alleged dissipation of marital assets.
The parties' remaining contentions are without merit.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court