Matter of Cade v Roberts (2020 NY Slip Op 00411)





Matter of Cade v Roberts


2020 NY Slip Op 00411


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-10521
 (Docket No. V-4302-12)

[*1]In the Matter of Lauren K. Cade, petitioner-respondent, 
v
Tawanda D. Roberts, respondent, Darron Roberts, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Sandra Stines, Westbury, NY, for petitioner-respondent.
Brynde Berkowitz, East Meadow, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, Darron Roberts appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated September 7, 2018. The order, after a hearing, inter alia, granted Lauren K. Cade's petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was born in June 2005, and is autistic. His mother died shortly after his birth. The respondent Darron Roberts (hereinafter the appellant), the child's maternal grandfather, was incarcerated at the time of the child's birth. Initially, the child's maternal great-grandmother had custody. In August 2005, the petitioner, Lauren K. Cade, who has no family relationship to the child, moved in with the great-grandmother to help care for the child.
In October 2005, the appellant was released from prison. In November 2006, the petitioner moved out of the great-grandmother's home and back into her own residence with the child. In 2008, the great-grandmother transferred custody to the appellant but the child continued to reside with the petitioner. After the appellant was once again imprisoned in June 2009, his wife, the respondent Tawanda Roberts (hereinafter the step-grandmother), was awarded joint legal and residential custody of the child. The child continued to reside with the petitioner until April 2012, when the step-grandmother decided that the child would no longer reside with the petitioner. After April 2012, the step-grandmother became the child's primary caregiver. The appellant and the step-grandmother have shared caregiving responsibilities since the appellant's release from prison and return to the family home in 2015.
In April 2012, the petitioner commenced this proceeding for custody of the child. In November 2014, the petition was dismissed by the Family Court for lack of standing. In July 2016, this Court reversed the Family Court's order and remitted the matter to the Family Court for a determination of the custody petition (see Matter of Cade v Roberts, 141 AD3d 583).
Upon remittitur, a hearing was held on the custody petition. By order dated September 7, 2018, the Family Court granted the petitioner's request for custody of the child and directed that the appellant have access with the child. This appeal ensued.
"In adjudicating custody and visitation rights, the court's paramount concern is the best interests of the child[ ]" (Iacono v Iacono, 117 AD3d 988, 988). In determining the best interests of the child, the court must consider the totality of the circumstances, including, "among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Gulzar v Gulzar, 173 AD3d 1183, 1183 [internal quotation marks omitted]). The Family Court's determination with respect to custody largely depends upon the court's assessment of the credibility of the witnessess and upon the character, temperament, and sincerity of the parties (see Matter of Hargrove v Langenau, 138 AD3d 846, 847). "The court's credibility findings should be accorded great weight, and its custody determinations should not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Dedrick v Cussano, 167 AD3d 876, 876-877).
Here, the Family Court's determination that the child's best interests are served by an award of custody to the petitioner with a shared access schedule between the parties has a sound and substantial basis in the record and, therefore, will not be disturbed (see Matter of Davis v Delena, 159 AD3d 900, 901).
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court