Matter of Shu Jiao Zhao v Wei Rong (2020 NY Slip Op 07070)





Matter of Shu Jiao Zhao v Wei Rong


2020 NY Slip Op 07070


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-13610
 (Docket No. V-9609-17/18F)

[*1]In the Matter of Shu Jiao Zhao, appellant,
v
Wei Rong, respondent.


Richard Cardinale, Brooklyn, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.
Janet L. Brown, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Marilyn J. Moriber, Ct. Atty. Ref.), dated November 22, 2019. The order denied the mother's motion to extend by 30 days the deadline to file a motion pursuant to CPLR 4404(b), and, in effect, denied her motion pursuant to CPLR 4404(b) to set aside (1) an order dated March 25, 2019, after a hearing, granting the father's petition to modify a prior order of custody and parental access of the same court dated August 12, 2013, so as to award him sole legal and physical custody of the parties' child, and (2) an order dated March 26, 2019, granting the father's motion, made at the close of his case at the hearing, for a determination that he should be awarded sole legal and physical custody of the parties' child.
ORDERED that the order dated November 22, 2019, is affirmed, without costs or disbursements.
In a prior appeal by the mother, Matter of Shu Jiao Zhao v Wei Rong (183 AD3d 895), this Court: (1) dismissed the mother's appeal from an order dated March 26, 2019, granting the father's motion, made at the close of his case at a custody hearing, for a determination that he should be awarded sole legal and physical custody of the parties' child; and (2) affirmed an order dated March 25, 2019, made after the hearing, granting the father's petition to modify a prior order of custody and parental access dated August 12, 2013, so as to award him sole legal and physical custody of the child. This Court found that the totality of the circumstances supported a finding that it was in the child's best interests to award sole legal and physical custody to the father.
Contrary to the father's contention, the instant appeal is not academic, as this Court did not determine in the prior appeal the issue of whether the Family Court improvidently exercised its discretion in denying the mother's motion to extend the deadline to file a CPLR 4404(b) motion, and, in effect, denying her motion pursuant to CPLR 4404(b) to set aside the March 25, 2019 and March 26, 2019 orders. However, the Family Court did not improvidently exercise its discretion in denying those motions. While, the mother's motion papers contain documents that she contends were relevant and should have been considered by the court in determining the best interests of the child at the hearing, none of these documents would have produced a different result (see Andrews [*2]v Ambrose, 176 AD3d 1148; Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040).
A custody determination largely depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The credibility findings of the Family Court should be accorded great weight, and its custody determinations should not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Cade v Roberts, 179 AD3d 916; Matter of Eckstein v Young, 176 AD3d 813; Robinson v Robinson, 176 AD3d 752). The mother in her motion papers failed to provide a basis to disturb the court's determination that her testimony was not credible.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court