Hall v Shell Point Mtge. Servicing, Bank of NY-Mellon (2021 NY Slip Op
50647(U))

[*1]

Hall v Shell Point Mtge. Servicing, Bank of NY-Mellon

2021 NY Slip Op 50647(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1614 K C

Anthony W. Hall, Appellant,
against
Shell Point Mortgage Servicing, Bank of NY-Mellon, Respondent.

Anthony W. Hall, appellant pro se.
The Margolin & Weinreb Law Group, LLP (C. Lance Margolin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cheryl J.
Gonzales, J.), dated September 30, 2019. The order denied petitioner's motion, in effect pursuant
to CPLR 4404 (b), to set aside a decision of that court dated September 6, 2019, made after a
nonjury trial, dismissing the petition in an unlawful entry and detainer summary proceeding, and
for a new trial.

ORDERED that the order is affirmed, without costs.
In this unlawful entry and detainer proceeding (RPAPL 713 [10]), petitioner seeks to be
restored to possession of a house he claimed to own, from which he alleged he had been illegally
evicted by respondent. In a decision dated September 6, 2019, following a nonjury trial, the Civil
Court dismissed the petition, finding that petitioner presented no evidence that he was the owner
of the house or that the house was his residence. Shortly thereafter, petitioner moved, in effect
pursuant to CPLR 4404 (b), to set aside the September 6, 2019 decision and for a new trial on the
ground that, due to the illegal lockout, petitioner had been unable to retrieve from the premises
his personal documents that he needed at the nonjury trial and that he had now obtained a copy of
the documents as proof to present to the Civil Court. By order dated September 30, 2019, the
court denied petitioner's motion, finding that petitioner sought different relief than that requested
in his motion papers.
We affirm, albeit on a different ground. Petitioner has not demonstrated, under the [*2]circumstances presented, that he should be given a second
opportunity to prove that he was the owner of the house or that the house was his residence. He
claims that the necessary documents were unavailable to him at the time because he did not have
access to his house, but he has not demonstrated that there was no other way to prove his case.
While "CPLR 4404 (b) permits the court, after a nonjury trial, to set aside its judgment and make
new findings or order a new trial on an issue" (Carney v Carney, 236 AD2d 574, 575
[1997] [citation omitted]) based upon newly-discovered evidence (see Da Silva v Savo,
97 AD3d 525 [2012]), petitioner has not claimed that the documents he sought to rely on were
newly discovered. Rather, he claims that they were in the house all along. Furthermore, in order
for relief to be granted under CPLR 4404 (b) based on newly-discovered evidence, the movant
must show that this evidence would probably have produced a different result had it been
introduced at trial (see Matter of Shu Jiao Zhao v Wei Rong, 188 AD3d 1220 [2020];
Ambrose v Ambrose, 176 AD3d 1148 [2019]; Matter of Torregroza v Gomez, 85
AD3d 932 [2011]). As petitioner failed to include the documents in his motion papers and the
record does not otherwise demonstrate that this evidence would probably have produced a
different result, we find no basis to disturb the denial of petitioner's motion (see Matter of Shu
Jiao Zhao v Wei Rong, 188 AD3d at 1221; Ambrose v Ambrose, 176 AD3d at 1151;
cf. Matter of Torregroza v Gomez, 85 AD3d at 933).
We note that we do not consider those documents annexed to petitioner's brief which are
dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]) and, in any event, they
do not constitute incontrovertible evidence to support petitioner's claim (cf. Kirp v Caleb's
Path Realty Corp., 19 AD2d 744 [1963]; cf. also Crawford v Merrill Lynch, Pierce,
Fenner & Smith, 35 NY2d 291 [1974]). 
Accordingly, the order is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021